STATE OF MISSOURI, Respondent, v. WILLIAM WILKS, Appellant.

St. Louis Court of Appeals, May 1, 1894.

1. Criminal Law: PETIT LARCENY: PRESUMPTION OF GUILT ARISING FROM POSSESSION. The recent possession of stolen property by the defendant in a prosecution for larceny will not raise a presumption of guilt, if it was not exclusive; the defendant must be actually and knowingly possessed of the property.

2. ——: ——: ——. In this cause the goods were found, recently after the theft, in the room of the defendant at a hotel, to which employees at the hotel had ready access, the defendant having surrendered the key to the clerk for the use of the chambermaid; nor was there any evidence that the room had not been entered by any of the employees between the time of the discovery of the theft and the finding of the goods. *Held*, ROMBAUER, P. J., *dissenting*, that the evidence did not warrant a presumption of guilt.

*Appeal from the Clark Circuit Court.*—HON. BEN. E. TURNER, Judge.

REVERSED AND REMANDED.

*W. L. Berkheimer* for appellant.

The possession of property recently stolen, in order to raise a presumption of guilt, must be recent, exclusive, personal and unexplained. *State v. Scott*, 109 Mo. 226; *State v. Castor*, 93 Mo. 244; Wharton's Criminal Law [8 Ed.], sec. 758; *State v. Kelly*, 73 Mo. 611.

*J. A. Whiteside*, Prosecuting Attorney, and *W. T. Rutherford* for respondent.

BIGGS, J.—The defendant was indicted, tried and convicted of petit larceny. He was charged in the indictment with stealing one necktie, two pair of socks, and three handkerchiefs, the property of John Myers.

The evidence of the prosecution tended to prove the following facts: Myers and the defendant were guests at the same hotel, and occupied adjoining rooms. On the morning of September 4, Myers purchased a necktie, two pair of cotton socks, and two cotton handkerchiefs at a store in town. These goods, together with some shirt studs and cuff buttons, were stolen from his room on that day between 10 o'clock in the morning and about 1 or half past 1 o'clock in the afternoon. About 4 o'clock in the afternoon the defendant's room was searched, and a new necktie similar to the one purchased by Myers was found in a valise belonging to the defendant. There were no marks on the tie by which it could be positively identified. It was a common pattern usually kept in country stores. The socks and handkerchiefs were found concealed between the mattresses of the bed in the defendant's room. These articles were identified as the same goods bought by Myers. They contained the cost mark of the merchant from whom they had been pur-

chased. Outside of the foregoing facts there were one or two circumstances which pointed to the defendant as the guilty party.

On the other hand, the evidence for the defense tended to prove that the defendant left his room in the morning about 9 o'clock; that he locked the door and gave the key to the clerk, who hung it on a board in the office of the hotel; that the defendant went to a neighboring restaurant, where he remained until after the time the property was stolen; that the defendant bought the necktie which was found in his valise from a merchant in Centerville, Iowa, and that he knew nothing about the socks and handkerchiefs, and was unable to explain how they got into his room. The defendant also introduced depositions of several prominent citizens and officials of Centerville, Iowa (where the defendant lived), all of whom testified that they had known the defendant from his childhood, and that he bore an unblemished reputation.

In rebuttal there was evidence tending to prove that the defendant was seen about the hotel between 12 and 1 o'clock.

Upon this state of the proof the court gave the following instruction, of which the defendant complains:

"The jury are instructed that the recent possession of stolen property, if unexplained and exclusive, is presumptive evidence of guilt. Therefore, if the jury find from the evidence that the property set forth and described in the foregoing instruction was stolen, and recently after the theft the said property was found in the exclusive possession of the defendant, then in such case it devolves on the defendant to explain such possession to the reasonable satisfaction of the jury, and, if he fails to do so, it will be conclusive evidence of guilt."

The evidence was not sufficient to convict the defendant of stealing the necktie. The one found in the defendant's valise was not sufficiently identified as that belonging to Myers. Therefore, as to that article the foregoing instruction was unauthorized. Neither was it authorized as to the socks and handkerchiefs, for the reason that there was no evidence tending to prove that those articles, when found, were in the *exclusive possession* of the defendant. It is true that they were found concealed in the bed in the room which he occupied, but the state introduced no evidence tending to prove that the defendant was the only person who had the means and the right of access to the room from the time Myers put the goods in his room to the time they were missed. On the contrary, the uncontradicted evidence for the defense is that in the morning the clerk demanded and received from the defendant the key to the room for the alleged purpose of enabling the chambermaid to clean up the apartment. It needs no argument to show that, under the circumstances, the defendant ought not to be called on to explain or account for the presence of the stolen goods in his room. With equal propriety the same burden could have been imposed on the clerk or the chambermaid, who had the same facility and right of access to the room. The following statement of the law by Mr. Greenleaf in his work on evidence is peculiarly applicable to the facts before us. "But, to raise the presumption of guilt from the possession of the fruits of the instruments of crime by the prisoner, it is necessary that they be found in his *exclusive possession*. A constructive possession, like constructive notice or knowledge, though sufficient to create a *civil liability*, is not sufficient to hold the party responsible for a *criminal* charge. He can only be required to account for the possession of things which he *actually and knowingly*

*possessed;* as, for example, when they are found upon
his person, or in his private apartment, or in a place
of which he kept the key. If they are found on prem-
ises owned or occupied as well by others as himself, or
in a place to which others have equal facility and right
of access, there seems no good reason why he, rather
than they, should be charged upon this evidence
alone." 3 Greenleaf on Evidence, sec. 33.

The principle of the text was applied by the
supreme court in the case of *State v. Castor*, 93 Mo. 242.
There the stolen goods were found in the defendant's
trunk. After stating the evidence in detail bearing on
the question of the possession of the goods by the
defendant, Judge SHERWOOD said: "In the circum-
stances already detailed in evidence, I can not regard
the possession by the defendant of the articles alleged
to have been stolen as an exclusive possession, seeing
that, by his permission, the prosecuting witness had
access to his trunk, and on two occasions, some time
after the articles were missed, had opened it to get the
defendant's razor; seeing that, also, the defendant, in
July, lent his key to Darius Webb, to get blacking and
brush, which key remained with the borrower some
four days; seeing that also the trunk was frequently
left unlocked, and, moreover, could be unlocked, and
was unlocked, by the prosecuting witness with the cup-
board key, and could have been unlocked as easily by
others familiar with the *locus in quo*. As already seen,
if the defendant's possession was not an exclusive one,
there was no ground on which to base the presumption
aforesaid. Lacking either of the three constituent
elements I have mentioned, the presumption could not
spring into being."

In the case at bar we are of the opinion that the
instruction given was unauthorized, as the plaintiff
introduced no evidence tending to prove that the

employees of the hotel, who had the means and the right of access to the defendant's room, were not in it from the time Myers deposited the goods in his room to the time when they were missed. Under such a state of facts *only* would the law raise the presumption, that the defendant *actually and knowingly* possessed the goods.

The defendant also insists that there was no evidence to support the following instruction given by the court: "If the jury shall believe from the evidence that the defendant, at the county of Clark, in the state of Missouri, at any time within one year prior to the date of the finding of the indictment herein, to wit, October 13, 1892, did steal, take and carry away   *   *   *   (here the property is described)   *   *   *   it will be the duty of the jury to find the defendant guilty, and assess his punishment at imprisonment in the county jail not exceeding one year, or at a fine not exceeding $100, or both such fine and imprisonment."

The instruction was properly given. We can not agree to the proposition, that the defendant was entitled to his discharge. The proof that the defendant was elsewhere when the larceny was committed, was conflicting. Hence, the defendant could not demand his discharge on that ground. Besides, the jurors were the sole judges of the credibility of the defendant's witnesses on that issue. In addition to the fact that the goods were found concealed in the defendant's room, the evidence for the state tended to prove that, after the goods had been missed and search had been instituted, the defendant went into his room and locked the door; and that, while in the room, both before and after the officer entered with a search warrant, he acted in a way to indicate his guilt. Under this proof the trial court would not have been justified in discharging him,

Other questions presented in the briefs need not be discussed.

The judgment of the circuit court will be reversed, and the cause remanded. Judge BOND concurs. Judge ROMBAUER dissents.

ROMBAUER, P. J. *(dissenting)*.—I can not accede to the proposition, that the court was not justified under the evidence in giving the instruction condemned in the foregoing opinion. There was evidence tend-- ing to show that for several hours anterior to the discovery of the goods the defendant was in exclusive occupancy of his room. The goods were missed for a few hours only, and hence the possession was recent under all the decisions. No case goes to the extent of holding that, in order to give rise to the presumption, a continued, exclusive possession on the part of the defendant from the time of the larceny to the time when the goods are found must be shown, and yet the opinion intimates that such showing in this case was essential. The exclusiveness of the defendant's possession was submitted to the jury for their finding, upon a state of facts, which, in my opinion, warranted the submission. 2 Bishop's Criminal Practice, sec. 740, note 1. There being no error in the record, and it not being our province to weigh the evidence, the judgment should be affirmed.