THE STATE v. BELCHER, *Appellant.*

136    135
e179   1321

Division Two, November 20, 1896.

1. **Criminal Law**: LARCENY: POSSESSION OF RECENTLY STOLEN PROP-ERTY: PRESUMPTION. Possession of property recently stolen must be exclusive in order to raise a presumption of guilt against the possessor.

2. ———: ———: ———: ———.  Such possession four months after the date of the larceny is, it seems, too remote to raise such presumption of guilt.

3. ———: ———: ———.  The judgment in this case reversed because of the lack of substantial evidence to support the conviction.

*Appeal from Douglas Circuit Court.*—HON. W. N. EVANS, Judge.

REVERSED.

*R. F. Walker*, attorney general, and *Morton Jourdan*, assistant attorney general, for the state.

(1)    The testimony in this case clearly shows the exclusive possession by the defendant of a portion of the goods taken at the time of the burglary and larceny. The defendant attempted to account for the possession and it was an issue for the jury to determine under the instructions whether or not he had satisfac-

torily obtained possession of these goods. They evidently found that the possession had not been satisfactorily obtained and that this fact, together with the defendant's admissions, established his guilt beyond reasonable doubt. (2) The verdict is not in opposition to the instructions given by the court, but entirely in harmony with them.

GANTT, P. J.—The defendant was indicted in the circuit court of Douglas county for burglary of and larceny from the storehouse of W. H. Wren on Clever Creek.

The testimony very clearly established that Mr. Wren's store was burglarized about the first day of January, 1895, and about one hundred dollars' worth of merchandise, consisting of tobacco, overalls, shirtings, etc., stolen therefrom. About the first of May succeeding, these goods were found—a portion on the premises of Mrs. Belcher, the mother of defendant, and the remainder upon the premises of one Edwards. The defendant was wearing a pair of overalls and a pair of shoes which Wren thought were his as they corresponded very closely with those stolen.

Jim Belcher, a brother of defendant was arrested at the same time defendant was, and confessed the burglary and Edwards was also convicted thereof.

There was no evidence that defendant was present at the time of the burglary save a confession alleged to have been made to another convict who was in jail with him. The witnesses who executed the search warrant all agree that defendant consistently denied all knowledge that the goods were stolen till some months after the burglary. He testified he bought the goods he wore through his brother. Both Edwards and James Belcher testified that John, the defendant, was not engaged in the burglary. The defendant testified

in his own behalf and denied all complicity in the crime.

The reputation of Mrs. Belcher for chastity appears to be bad, and the defendant's reputation for veracity was bad.

The circuit court instructed the jury that "if they believed from the evidence that the store of W. H. Wren was broken into and goods stolen therefrom at the time and place mentioned in the indictment, and that soon thereafter some of the stolen property was found in the possession of the defendant the law will presume that he did the breaking and stealing unless such possession is explained consistent with his innocence."

The recent possession of stolen property raises a presumption of guilt but what constitutes recent possession which will justify this instruction is, a preliminary question for the court. It is the settled law of this court that to raise this presumption the possession of the stolen goods must be found in the exclusive possession of the prisoner. *State v. Castor*, 93 Mo. 242; *State v. Warford*, 106 Mo. 55; *State v. Scott*, 109 Mo. 226; *State v. Owsley*, 111 Mo. 450.

The evidence in this case shows that a large part of the stolen goods was found in the possession of one Edwards who was convicted and sentenced to the penitentiary for the burglary and the principal portion of the remainder was found at the home of defendant's mother, and there was no evidence to indicate that defendant had any other possession than that shared by the family in common, save and except as to two pairs of overalls and a pair of shoes. There was a question whether these were part of the stolen goods, and defendant explained that he gave his brother the money to buy these for him. Edwards and Jim Belcher both confessed the burglary and larceny and

both exculpated the defendant from all complicity therein. The defendant consistently denied all participation in the crime. Outside of the presumption which the jury were authorized by the instruction to indulge there was no evidence against the defendant, save an alleged admission testified to by another convict who says that defendant said he was as guilty as his brother, which defendant denies.

When it is considered that the possession of the goods was not exclusive in defendant; that he was only found in possession of a pair of shoes and two pairs of overalls which he explained he bought through his brother, ignorant that they were stolen, it is clear that defendant was convicted because of his association with his brother and the bad reputation of his family.

The evidence did not justify the instruction for two reasons, *first*, in the peculiar circumstances of the case the possession was not recent as the goods alleged to have been found in defendant's possession were not found on him until four months after they were stolen and were only a trifling and inconsequential part thereof, and, *secondly*, because defendant had not been and was not in the exclusive possession of the stolen property.

The defendant has no brief on file in this court but our examination of the record convinces us that he has been unjustly convicted; that there was no substantial evidence upon which his conviction can be sustained and it is accordingly reversed. SHERWOOD and BURGESS, JJ., concur.