# THE STATE v. JAMES, Appellant.

### Division Two, March 6, 1906.

1. **BURGLARY: Information: Ownership of Building..** An information charging burglary which fails to allege the ownership of the building charged to have been burglarized is fatally defective.

2. **LARCENY: Possession of Goods: Identification.** Where the prosecuting witness identifies the goods found in possession of the defendant as his property, and there is no testimony contradicting his identification, this is sufficient to authorize the submission of that question to the jury whose province it is to determine the ultimate fact as to whether the goods found in defendant's possession were in fact the goods stolen from the prosecuting witness.

3. **BURGLARY AND LARCENY: Recent Possession of Stolen Goods: Presumption: Instruction: Evidence.** An instruction, set out in the opinion, on the presumption arising from the recent possession of goods stolen by means of a burglary, is *held* proper; and the evidence is examined and *held* sufficient to authorize the giving of such instruction.

4. **REMARKS OF ATTORNEY: In Motion for New Trial: No Exception.** The mere assignment, in the motion for new trial, of alleged improper remarks of an attorney is not sufficient to preserve them for review, but they must be excepted to at the time and preserved in the bill of exceptions.

5. **EVIDENCE: Previous Conviction: Error Cured.** Although it was improper to ask a witness, before defendant had testified, whether defendant had ever been in the penitentiary, yet as defendant subsequently testified and admitted that he had been in the penitentiary, no injury was done.

6. **JUDGMENT: By Appellate Court: Burglary and Larceny.** Where on appeal from a conviction of burglary and larceny, the judgment as to the burglary is held erroneous because the part of the information charging that offense is fatally defective, the appellate court will not reverse and remand the cause, but will enter the proper judgment for the larceny.

Appeal from Jackson Criminal Court.—*Hon. Jno. W. Wofford*, Judge.

AFFIRMED IN PART AND JUDGMENT ENTERED HERE.

*Philip D. Clear* and *W. F. Riggs* for appellant.

(1) The State rested its case on the theory that recent possession of stolen property establishes a prima facie case of guilt against the one in possession. But the property must be sufficiently identified. Gray v. Parker, 38 Mo. 160; Kaufman v. Schilling, 58 Mo. 218; Mahoney v. Smith, 7 Mo. App. 578. (2) Only the underwear on defendant when arrested and the pair of shoes, if the officer who beat defendant severely is believed instead of defendant, recovered from Levy, can be said to have been in the exclusive possession of defendant, and only exclusive possession of stolen goods raises a presumption of guilt. State v. Castor, 93 Mo. 242; State v. Warford, 106 Mo. 55; State v. Scott, 109 Mo. 226; State v. Owsley, 111 Mo. 450; State v. Belcher, 136 Mo. 137; State v. Baker, 144 Mo. 329; State v. Drew, 179 Mo. 315. (3) Error was committed in overruling motion for new trial, because of giving instruction 3 for the State, the presumption of guilt instruction; also because of the exception saved to prosecutor Lyman's remarks to jury.

*Herbert S. Hadley*, Attorney-General, and *N. T. Gentry*, Assistant Attorney-General, for the State.

(1) The information, which was accompanied by the affidavit of the prosecuting witness, was sufficient. R. S. 1899, sec. 1891; Kelley's Criminal Law, sec. 609; State v. Watson, 141 Mo. 338. (2) State's instruction 3, on the presumption arising from the recent possession of stolen property, has been approved. State v. Owens, 79 Mo. 624; State v. Warford, 106 Mo. 61; State v. Scott, 109 Mo. 228. (3) Evidence that defendant had served a term in the State penitentiary was excluded by the court, when the State endeavored to bring it out; but later, defendant and defendant's

mother testified to that fact. So defendant can not now complain thereof, even if error was committed. State v. Goddard, 162 Mo. 198. (4) The alleged improper remarks of the prosecuting attorney, during his closing argument to the jury, can not be considered, because of the failure to preserve said remarks in the bill of exceptions. Affidavits to the effect that objectionable remarks were made are not sufficient to save the matter for review. State v. Latimer, 116 Mo. 524; State v. Welsor, 117 Mo. 583; State v. Steen, 115 Mo. 474. (5) The evidence was ample. Martin v. State, 88 S. W. 962; McGaha v. State, 88 S. W. 983; State v. Yandle, 166 Mo. 539; State v. Frankie, 159 Mo. 535.

FOX, J.—This cause comes here upon appeal by the defendant from a judgment of conviction in the criminal court of Jackson county for burglary and larceny. The information upon which this judgment is predicated, omitting formal parts, was as follows:

"Now comes Roland Hughes, prosecuting attorney for the State of Missouri in  and for the body of the county of Jackson, and upon the affidavit of Jacob Louis, herewith attached and filed, informs the court, that George James and John Richards, whose Christian names in full are unknown to said prosecuting attorney, late of the county aforesaid, on the 25th day of March, 1904, at the county of Jackson, State aforesaid, did unlawfully, feloniously and burglariously break into and enter a certain building, Number 806, Independence avenue there situate, the same being a building in which divers goods, wares, merchandise and valuable things were then and there kept for sale and deposited, with the felonious intent the said goods, wares, merchandise and valuable things in the said building then and there being then and there unlawfully, feloniously and burglariously to steal, take and carry away; and 16 pairs of shoes of the value of thirty-four dollars, 30 undershirts of the value of nine dollars, 6 drawers of the value of

three dollars, six drawers, elastic sides, of the value of three dollars, two dozen pairs of socks of the value of three dollars, three dozen handkerchiefs of the value of three dollars and sixty cents, two striped shirts of the value of one dollar, one grip of the value of one dollar, three hats of the value of six dollars, all in the aggregate of the value of sixty-three and 40-100 dollars, of the goods and property of Jacob Louis in said building then and there being found, did then and there unlawfully, feloniously and burglariously steal, take and carry away, against the peace and dignity of the State.''

On May 25, 1904, a severance was granted defendant and he was put upon trial for the offense charged. We have examined the disclosures of the record and find that the testimony tended to prove substantially the following state of facts:

On the 25th of March, 1904, the defendant, who is a negro, resided with his mother in Kansas City. The prosecuting witness, Jacob Louis, was the owner and proprietor of a clothing store, situated at No. 806 Independence avenue, in said city, and in said store various articles of merchandise were stored and kept for sale. Mr. Louis remained at his store on the evening of the 25th of March till about eleven or twelve o'clock, when he locked the front and back doors and went to his bed room, which was over his store. The next morning Mr. Louis discovered that some one had cut a hole in the panel of the back door, and then removed the wooden bar which fastened the door. There were two back doors to said store, and in front of this one there were some valises sitting on the floor. These valises had been pushed back and the door was wide open. On examining his stock, Mr. Louis discovered that sixteen pairs of shoes, twenty-four blue undershirts, twelve pink undershirts, six pairs of cream-colored drawers, thirty-six handkerchiefs, a suit case, four hats, some socks, and some striped shirts had been stolen. The aggregate value of said property was about $63.40. The

defendant had often been around Mr. Louis's place of business. Mr. Louis at once reported the facts to the police authorities. Officer Phelan having been detailed to investigate the burglary, arrested the defendant and John Richards the next day at Sandy Edwards' saloon. A new suit of underwear was found on defendant, and a new suit of underwear was found on John Richards, both of which were identified by Mr. Louis as having been stolen the night before; the undershirt was too small for defendant. All of the balance of the stolen property was found at the home of defendant's mother that day, except the sixteen pairs of shoes. To this police officer defendant admitted that he had given one pair of shoes to a man named Bishop, to sell to Levy's pawnshop. In this pawnshop one pair of shoes was found, which was identified by Mr. Louis. Defendant told this officer that he had got these various articles from John Richards, and afterwards said that he bought them from a white man; he also stated that he might just as well have gotten a wagon load.

The defendant's mother testified that she bought the clothing from a white man, and gave him one dollar and something to eat. That she then gave some of the clothes to defendant, and the rest remained at her house till the police searched the house. Defendant's sister testified that she saw a white man leaving home just as she was returning and that her mother then told her that she had purchased a lot of clothing from that man, and had paid him one dollar. In his own behalf defendant testified that he was in St. Joseph at the time of the commission of the alleged crime, returned to Kansas City the morning after its commission, and got the clothing from his mother; that he did not steal any of said property, knew nothing of who stole it, and was not even acquainted with John Richards. He also testified that police officer Phelan mistreated him and threatened him, forcing him to make the alleged statements tes-

tified to by said officer. The officer denied the statements of defendant as to such mistreatment.

At the close of the evidence the court instructed the jury and the cause was submitted to them and they returned the following verdict:

"We, the jury, find the defendant George James guilty of burglary, as charged in the information, and assess his punishment at five years in the State penitentiary. We, the jury, also find the defendant guilty of larceny, as charged in the information, and assess his punishment therefor, in addition to the punishment assessed for burglary, at three years in the State penitentiary."

The instructions complained of will be given due consideration during the course of the opinion.

Motions for new trial and in arrest of judgment were timely filed and by the court taken up and overruled. Judgment and sentence was duly entered of record and from this judgment defendant in due time and form prosecuted his appeal to this court, and the record is now before us for consideration.

OPINION.

At the very inception of the consideration of the record in this cause we find that the information upon which this judgment is predicated fails to properly charge the offense of burglary in the second degree. We have reproduced such information and it is apparent that there is an entire absence of any charge or allegation of ownership of the building in which it is charged the burglary was committed. The charge is that defendant did unlawfully, feloniously and burglariously break into and enter a certain building No. 806 Independence avenue, there situate; but there is no allegation as to the ownership of the building, not even an intimation as to who was in possession of it. The ownership of the building is an essential allegation in charging the

194 Sup.—18.

offense of burglary. The general rule as to the necessity of this allegation is well stated in Cyc. of Law & Proc., vol. 6, p. 209, sec. 11. It is there said: ''Except in so far as the rule may be changed by statute, an indictment for burglary, whether at common-law or under a statute, must allege the ownership of the dwelling-house or other building broken and entered, if it is known, or it will be fatally defective, and it must do so accurately, so that there will be no variance between the allegation and the proof. If the ownership is not known it need not be stated, but in such a case that it is not known must be alleged.'' This rule, as stated in the text of Law and Procedure, is fully supported by the appellate courts of many States—Alabama, California, Connecticut, Florida, Iowa, Kansas, Mississippi, New York and many other States.

As to whether or not the ownership of the building is an essential allegation in an information or indictment charging the offense of burglary in the second degree, is no longer an open question in this State.

In State v. Jones, 168 Mo. 398, the prosecuting attorney of Stoddard county undertook to charge the offense of burglary under the same section upon which the information in the case at bar is based. In the information in that case it was charged that the defendant did break and enter the store of the Drysdale-Ulen Hardware Company, there situate, the same being a building in which divers goods, merchandise, etc., were then and there kept for sale and deposited. The information in that case was held fatally defective for the reason that the ownership of the building was not sufficiently alleged. Gantt, J., speaking for the court, in discussing the proposition, said: ''It has always been necessary to allege and prove the ownership of the house charged to have been burglarized and the ownership of the chattels alleged to have been stolen. [2 East P. C. 650.] Where ownership is laid in a corporation, the fact of the incorporation should be alleged, and

this is not affected by the fact that proof of the existence of the corporation *de facto* will sustain the charge. As nothing is to be left to intendment, the defendant is entitled to know whether the State intends to show ownership in a firm composed of individuals or in a corporation. In this case he raised the objection in his motion in arrest, but it has often been ruled that he may take advantage of the defect in the indictment in this court for the first time. [State v. Patterson, 159 Mo. 98; Wharton's Crim. Law, secs. 1828 and 1833; 2 Russell on Crimes, p. 100; Wallace v. People, 63 Ill. 451; 1 Bishop's Crim. Prac. (3 Ed.), sec. 682; State v. Mead, 27 Vt. 722; Cohen v. People, 5 Parker's C. R. 330; 2 Archbald's Crim. Pl., 359; White v. State, 24 Tex. App. 231; Thurmond v. State, 30 Tex. App. 539; McCowan v. State, 58 Ark. 17.] There are cases to the contrary in other States, but in the absence of a statute we are relegated to the common law, and we hold the information bad in substance in failing to allege the names of the co-partners if the Drysdale-Ulen Hardware Company was a firm, and if a corporation, in not alleging it was a corporation.''

The rule announced in the case last cited was expressly approved and followed in State v. Horned, 178 Mo. 59.

While this defect in the information, applicable alone to the charge of burglary, was not called to our attention by counsel for appellant, yet it is the duty of the court to review the record and, if the judgment is erroneous, to so state. It follows from what has been heretofore stated, based upon the authorities cited, that the information, in so far as it applies to the charge of burglary, is fatally defective and will not support the judgment inflicting the punishment upon defendant for the commission of that offense. In this cause, however, there is embraced a proper charge of the commission of the offense by the defendant of grand larceny; hence,

we are led to the consideration of the complaints of appellant occurring upon the trial.

I. It is insisted by appellant that there was no proper or sufficient identification of the goods in the possession of the defendant as being the goods which were stolen from Jacob Louis. It is sufficient to say upon this proposition that the prosecuting witness, Jacob Louis, identified the goods which were found in the possession of the defendant, as his property. There is no testimony contradicting his identification; he was fully cross-examined upon the question of the identity of the goods, and in whatever particular his examination in chief is weakened by the cross-examination was entirely a matter for the jury, and the testimony upon the question of identity of the goods in the possession of the defendant was ample to authorize the court to submit that question to the jury.

The opinion or belief of witnesses as to identity of persons or things, when such opinion or belief rests upon facts with the witness's own knowledge, is competent evidence, although the witness will not testify positively to such identity, and testimony of this character is at least a sufficient foundation for the submission of the question to the jury and to allow them to finally determine the ultimate fact as to whether or not the goods found in the possession of the defendant were in fact the goods stolen from the prosecuting witness. [State v. Cushenberry, 157 Mo. 168; State v. Howard, 118 Mo. 127; State v. Hopkirk, 84 Mo. 278; State v. Babb, 76 Mo. 501.] While the testimony of the prosecuting witness identifying the goods was sufficient to authorize the submission of the question to the jury as to whether or not the goods referred to by him were in fact the goods stolen from him, it by no means follows that the jury must accept his testimony as to identification as conclusive evidence that they were the goods stolen from the prosecuting witness, but they simply hear the testimony and then

upon their final consideration determine for themselves as to whether the testimony upon the identification of the goods was sufficient to authorize them to find the ultimate fact, that the goods found in the possession of the defendant were in fact the goods stolen from the prosecuting witness, Jacob Louis.

II.  It is insisted that the court committed error in giving instruction No. 3, which was as follows:

"Where property has been stolen, by means of a burglary, proven beyond a reasonable doubt, and recently thereafter the same property, or any part thereof, is found in the possession of another, such person, in whose possession the same is found, is presumed to be the thief who stole the same, and is also presumed to have used all means necessary to have secured access to and possession of such property, and if he fails to account for his possession of such property in a manner consistent with his innocence, or unless such presumption be overcome by direct evidence, or by the attending circumstances, or by the character and habits of life of the possessor, or otherwise, then this presumption that the person in whose possession such property is found is the thief, and used all means necessary to secure access to such property, becomes evidence against him, so that unless such possession be explained or the presumption arising therefrom be overcome by evidence as aforesaid, to your satisfaction, then from such possession of property recently stolen you are authorized to presume such person guilty of both the larceny and the burglary."

Instructions embracing the same principle and substantially in form with the one here complained of, have frequently met the approval of this court.  [State v. Owens, 79 Mo. 619; State v. Barker, 64 Mo. 282; State v. Sidney, 74 Mo. 391.]  While in the cases of State v. Drew, 179 Mo. 315, and State v. Belcher, 136 Mo. 135, this court held that an instruction similar to the one in the case at bar should not have been given, yet, it will

be observed that such ruling was based upon the reason that the testimony was insufficient upon which to predicate it. The rule of law respecting presumption arising from recent possession of stolen property was fully recognized in those cases. Hence, we take it that appellant's complaint as to this instruction is not directed to the form of the instruction, but rather to the fact, as contended by him, that there was not sufficient testimony upon which to predicate it. We have carefully considered the disclosures of the record and have reached the conclusion, first, that the instruction was a proper one; secondly, that there was ample testimony upon which to base it. In determining the propriety of this instruction we are not confined to the mere fact that defendant had in his possession a new suit of underwear, which was only a part of the goods identified, which were stolen from the prosecuting witness, but it was clearly proper and highly important to take into consideration such possession in connection with any other circumstances which tended to show the unlawful possession, and that the defendant had wrongfully obtained such goods. In State v. Barker, 64 Mo. l. c. 285, it was said by this court: "The possession of a part of the stolen goods of the smallest value, in connection with other circumstances, might clearly fix the guilt of stealing all the goods upon the defendant." To the same effect is State v. Davis, 73 Mo. l. c. 133, where it was said that "only a portion of the goods stolen was found in the possession of the defendant, but this fact, in connection with other concurring circumstances, was sufficient to warrant the jury in finding him guilty of stealing them all." We have in this case, in addition to the possession of a part of the stolen goods, the admission of the defendant to the police officer that he had given one pair of shoes to a man named Bishop to sell to Levy's pawnshop, and the truth of the admission is emphasized by the fact that in this pawnshop one pair of shoes was found, which was identified by the prosecuting witness,

Mr. Louis. In addition to this, the defendant made contradictory statements in respect to the manner of obtaining the goods and from whom they were obtained. He first stated that he had gotten them from John Richards and afterwards said he bought them from a white man, and finally stated, in the conversation with the police officer, that he might just as well have gotten a wagon load. Confronted with this state of facts, it is too clear for discussion that the testimony was amply sufficient upon which to predicate instruction No. 3, and the court committed no error in giving that instruction.

The cases to which our attention is specially directed by counsel for appellant, State v. Warford, 106 Mo. 55; State v. Belcher, 136 Mo. 135; and State v. Drew, 179 Mo. 315, are not parallel cases, and a careful analysis of them demonstrates that they afford no support to the contention upon this proposition urged by counsel for appellant.

III. Complaint is made to the remarks of the prosecuting attorney to the jury in the discussion of this cause. It will suffice to say of this assignment of error that the alleged improper remarks of the prosecuting attorney during his argument to the jury are not preserved in the bill of exceptions, hence are not subject to review by this court. The mere assignment of such remarks as one of the grounds in the motion for new trial is not sufficient to preserve such matter for review. [State v. Latimer, 116 Mo. 524; State v. Welsor, 117 Mo. 583; State v. Steen, 115 Mo. 474.]

IV. Finally, it is contended by appellant that the unfair and improper question propounded to Mrs. James as to whether or not the defendant had been in the penitentiary, before the defendant had testified in the cause, constitutes error on the part of the trial court. It cannot be denied that, until the defendant testified as a witness, this was an improper question,

and the prosecuting attorney should not have propounded it; however, as the defendant subsequently testified and admitted that he had been in the penitentiary, we are unable to conceive how the mere asking of that improper question could have possibly done him any injury in the trial of this cause.

V. The judgment in this cause is an entirety, and consists of a sentence by the court of the defendant to imprisonment in the penitentiary for the term fixed by the jury for both burglary and larceny. As before stated, this judgment is erroneous. The conviction of the defendant for grand larceny, which was embraced in the information, was proper, and the judgment should have been only a sentence for three years in the penitentiary as assessed by the jury for that offense. It is manifest that the error in this judgment is as to the length of time defendant was sentenced to the penitentiary; hence, this judgment should not be set aside or reversed for such error.

It is expressly provided by section 2720, Revised Statutes 1899, that a judgment should not be reversed or set aside by the Supreme Court for the reason that the judgment by virtue of which such person is convicted or from which he has prosecuted an appeal or writ of error was erroneous as to the time or place of imprisonment, but in such case it shall be the duty of the court or officer hearing such to sentence such person to the proper place of confinement, and for the correct length of time from and after the date of the original sentence. Proceeding to perform this duty as required by section 2720, supra, it is ordered and adjudged by the court that the defendant, George James, be confined in the penitentiary of this State for a term of three years, and that the sheriff of Jackson county, Missouri, or other officer having such prisoner legally in charge, shall, with all convenient speed, convey such defendant to the State penitentiary of the State of Missouri and

deliver him to the warden thereof, there to be imprisoned for the period of three years.

All concur.