[No. 15017. Department Two. January 9, 1919.]

THE STATE OF WASHINGTON, *Respondent,* v.
TONY SCHIMMELS, *Appellant.*[1]

LARCENY (25)—EVIDENCE—SUFFICIENCY. Evidence that, two months after sleds were stolen, they were found in a building which was in the care of the accused at the time of the offense, but not when discovered, and to which others had access is insufficient to sustain a conviction of grand larceny.

Appeal from a judgment of the superior court for Ferry county, Neal, J., entered February 21, 1918, upon a trial and conviction of grand larceny. Reversed.

*Samuel Porter,* for appellant.

PARKER, J.—The defendant Schimmels was charged and convicted by the verdict of a jury in the superior court for Ferry county of the crime of grand larceny,

[1]Reported in 177 Pac. 685.

committed by the stealing of a pair of bobsleds. He has appealed to this court.

Counsel for appellant, by appropriate motion made at the conclusion of the state's evidence, challenged the sufficiency of the evidence to sustain a conviction, asking the court to so decide as a matter of law; and at the conclusion of all the evidence, requested the court to direct the jury to return a verdict of not guilty in his favor. The claimed error of the trial court in refusing to so rule is the only question we find it necessary to here notice.

Appellant was charged with stealing the sleds on November 4, 1917, from near a blacksmith shop in the town of Republic. The sleds were last seen there several days previous to that date. About two months thereafter, in January, 1918, the sleds were found in one of the buildings of the Mountain Lion Mining Plant, situated about four miles from Republic. This plant had not been in operation for several years prior to that time, and appellant was the caretaker of the buildings, some of which were locked, appellant or his wife having the keys. They lived within about a quarter of a mile of the plant. One of the doors on the building in which the sleds were found had a lock which could be unlocked by almost any skeleton key, or even by a bent wire, as one witness testified. The caretaking of these buildings did not involve the constant presence of a caretaker. Appellant was often away at work at Republic and elsewhere, procuring and furnishing wood for fuel for others. About the middle of November he went to Idaho to work, and was away until near the middle of January, a short time after the sleds had been found in the building. He was arrested upon his return home. He swore positively that he had no knowledge of the sleds being

in the building, that he never had possession of them and did not steal them. There is undisputed testimony of another apparently credible witness that the sleds were not in the building when appellant went away in November. This witness appears to have had occasion to see the inside of the building and examine it with some care, under such circumstances that he would have seen the sleds had they been there, just before appellant went to Idaho in November. There was at least one other person besides appellant and his wife who occasionally had access to the building and occasionally borrowed the key for that purpose. One witness testified that he saw appellant's team standing near the blacksmith shop where the sleds were last seen, one evening a few days before they were missed; but this place was where many teams were left standing from time to time by their owners. Indeed, it seems to have been treated as a sort of public place for that purpose. This, we think, is in substance the whole of the evidence, worthy of serious consideration, which can be said to in any measure point to the guilt of appellant.

That the sleds were stolen may be conceded; but we think there is nothing for appellant's conviction to rest upon, other than the fact that the sleds were found in the building two months after they were stolen and almost the same time after appellant had gone to Idaho, which building was not in the control of appellant when the sleds were found therein, and was not exclusively accessible to him before going to Idaho, even at and after the time the sleds were missed and supposed to have been stolen. As to appellant's team being seen near the place where the sleds were missed a few days before they were missed, such fact proves nothing whatever as against him, in view of

the conceded fact that many other teams were left standing at that place from time to time, as was the custom of people driving to town to trade. We are of the opinion that appellant's conviction cannot be allowed to stand upon this evidence, and that the trial court erred in refusing to instruct the jury to find him not guilty. It was not such an exclusive recent possession of stolen property as will, standing alone, support a conviction. *Calloway v. State,* 111 Ga. 832, 36 S. E. 63; *State v. Belcher,* 136 Mo. 135, 37 S. W. 800; *White v. State,* 72 Ala. 195; *Watts v. People,* 204 Ill. 233, 68 N. E. 563; *Porter v. State,* 45 Tex. Cr. 66, 73 S. W. 1053; 25 Cyc. 139, 140; 17 R. C. L. 71-73.

The judgment is reversed, and the trial court directed to discharge the appellant.

MAIN, C. J., MOUNT, and HOLCOMB, JJ., concur.