## STATE OF MISSOURI, Respondent, v. W. E. FOGLE, Appellant.

**St. Louis Court of Appeals.   Opinion Filed July 13, 1922.**

1. **CRIMINAL LAW: Larceny: Recent Possession of Stolen Property: Exclusive: Presumption.** In a prosecution for larceny, to warrant the presumption of law that defendant committed the alleged larceny, arising from the possession of the stolen property by the defendant soon after the commission of the alleged crime, it must further appear that the property was found in the exclusive possession of the defendant; that is to say, the evidence must show that the stolen property was in such wise in the exclusive control of the defendant as to indicate that it came to his possession by his own act, or, at all events, with his undoubted concurrence; and must be such as to exclude the idea that some other person may have left the property where it was found.

2. ——: ——: ——: ——: **Stolen Tire Found on Defendant's Automobile: Possession not Exclusive: Insufficient to Warrant Presumption of Guilt.** In a prosecution for larceny of an automobile tire, evidence that defendant's car, on which the stolen tire was found, was placed in a garage for repairs, *held* there was no ground on which to warrant a presumption of guilt in view of the uncontradicted evidence that defendant's son brought the car to the garage, and that at the time the tire was not on the car.

Appeal from the Circuit Court of Scotland County.— *Hon. N. M. Pettingill*, Judge.

REVERSED AND DEFENDANT DISCHARGED.

*Claud C. Fogle, J. M. Jayne* and *Fogle & Fogle* for appellant.

(1) The indictment is fatally defective and charges no crime. Defendant's motion to quash the same should have been sustained. The indictment fails to allege that the larceny was committed ''with the felonious intent to convert it to the taker's own use without the consent of

the owner." State v. Gochenour, 225 S. W. (Mo.) 690.
(2) The verdict is void and will not support the judgment because it is not specific and does not designate the articles which the jury found the defendant stole. Kelly's Crim. L., p. 573, sec. 648; Hope v. Comm. of Mass., 9 Metc. (Mass.) 134; State v. Coon, 18 Minn. 518; Fallon v. People, 2 Abb. Dec. (N. Y.) 83. (3) The court should have directed a verdict of acquittal at the close of the whole case. State v. Drew, 179 Mo. 315; State v. Hammons, 226, Mo. 604; State v. Bryant, 134 Mo. 246. (4) There is no evidence upon which to base a conviction, and this court will discharge the defendant where there is a total failure of proof. State v. Nesenheur, 164 Mo. 461; State v. Crabtree, 170 Mo. 642; State v. Morney, 196 Mo. 43; State v. Gordon, 199 Mo. 561; State v. Hammon, 226 Mo. 604; State v. Crooke, 129 Mo. App. 490. (5) In order for possession of recently stolen property to be any evidence against the possessor the possession must not only be recent, but it must be personal and exclusive with a conscious assertion of ownership, and unexplained. Mere constructive possession is not enough. State v. Wolf, 15 Mo. 174; State v. Hammons, 226 Mo. 604; State v. Drew, 179 Mo. 315; State v. Wilks, 58 Mo. App. 159; State v. Kelley, 73 Mo. 608; State v. Sidney, 74 Mo. 391; State v. Crooke, 129 Mo. App. 490; State v. Caster, 93 Mo. 242; State v. Owsley, 111 Mo. 450; State v. Crank, 75 Mo. 407; State v. North, 95 Mo. 617; State v. Walker, 194 Mo. 263; Trevo v. State, 69 S. W. 72; State v. Roy, 30 S. W. 666; 8 Cyc. on Evid. 98; 25 Cyc. 145; Watts v. People, 68 N. E. 568; People v. Mulvaney, 121 N. E. 229; Wharton's Crim. L. (9 Ed.), p. 562. (6) Defendant never had any possession of the alleged stolen property. State v. Wolf, 15 Mo. 174; State v. Harold, 38 Mo. 496; State v. Hammons, 226 Mo. 604; State v. Belcher, 136 Mo. 135; 25 Cyc. 133, notes 8, 9, 10, 11, 12, 13; State v. Drew, 179 Mo. 315; State v. Wilks, 58 Mo. App. 159; State v. Daubert, 42 Mo. 242; 8 Cyc. on Evid., 103. (7) Second-hand posses-

sion excludes the presumption of guilt arising from the recent possession of stolen property and such possession should not be submitted to the jury as evidence of guilt. State v. Bryant, 134 Mo. 246; State v. Drew, 179 Mo. 315. (8)  When defendant's auto was put in the garage by defendant's son, it did not have the alleged stolen property on it, and was then placed there for repairs and was in possession of the garage keeper as bailee, and was not in the possession of the defendant and this evidence should not have been submitted to the jury. (See cases cited under points above.)  (9)  Defendant proved an alibi. This was a complete defense. State v. Sidney, 74 Mo. 390; State v. Bryant, 134 Mo. 246. (10) At the time the alleged stolen property was taken the defendant proved that he was at Dr. Benson's office. This rendered the so-called "recent possession" evidence incompetent, and acquitted the defendant. State v. Jennings, 81 Mo. 185; State v. Bryant, 134 Mo. 246. Instructions, numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, given on behalf of the State, are erroneous under the evidence because they ignore the alibi proved by the defendant and authorize his conviction notwithstanding he was at Dr. Benson's office at the time the alleged stolen property was taken. They fail also to define possession. State v. Jennings, 81 Mo. 185; State v. Taylor, 118 Mo. 153; State v. Bryant, 134 Mo. 246-251. (12)  The court erred in failing to instruct the jury on the law covering the defendant's alibi. State v. Taylor, 118 Mo. 153. (13)  The court erred in refusing to give, and in not giving, defendant's instructions numbered 8, 9 and 10. There was no evidence even tending to show recent and exclusive possession by the defendant of the property alleged to be stolen. State v. Bryant, 134 Mo. 246; State v. Scott, 109 Mo. 226; State v. Caster, 93 Mo. 242; State v. Warford, 106 Mo. 55. (14) The State's case was based entirely upon circumstantial evidence. To justify a conviction in this case the circumstances must be consistent with each other and with the hypothesis of guilt, and so inconsistent with any

reasonable presumption of innocence as to exclude every conclusion except that of guilt. State v. Miller, 264 Mo. 441. The stolen property was not found in defendant's possession. Hence the evidence of the tire in the garage was improper. (Same as above); State v. Drew, 179 Mo. 315.

*John W. Bence* for respondent.

BRUERE, C.—The defendant (appellant here) was convicted of the larceny of an automobile casing, inner tube and steel rim, and his punishment assessed at a fine of one hundred dollars.

The evidence, on the part of the State, disclosed that, on October 1, 1919, O. A. Barnes, the prosecuting witness, drove to Memphis, Mo., in his automobile, which was equipped with an extra rim, Pullman casing and inner tube fastened to a rack on the rear end of the car; that upon arriving in Memphis, between 7 and 8 o'clock in the evening, he parked his car, so equipped, in the public street and that he returned to said car about 11 o'clock that night and discovered that said rim, casing and inner tube were missing.

On October 6, 1919, the prosecuting witness went to a garage, located in Memphis, Mo., and there found said automobile casing on a car belonging to the defendant. In company with the sheriff of the county, Mr. Barnes drove to defendant's home and there entered into a conversation with him about the tire. He told him of the theft of his casing and finding it on defendant's car in the Memphis garage. Whereupon defendant stated that he didn't understand how that could be; that if said tire was on his car somebody else put it there, but that if Mr. Barnes would swear the tire was his he could take it. However, upon further reflection, in order to prevent unfavorable gossip about him, should he permit the tire to be taken off his car, and in order to keep the cause of the sheriff's visit from his wife, defendant purchased the tire from Mr. Barnes for thirty-five dollars.

Defendant's car, on which the tire in question was found, was placed in the Memphis garage for repairs on October 5, 1919. The prosecution was unable to prove that the defendant brought the car to said garage on said date, or that the stolen tire was on the car at that time.

The testimony given by the defendant in substance was as follows: That he lived with his family on a farm located two miles from Memphis and owned an automobile, which was used more by his son, Carl, than by himself; that on the afternoon of October 1, 1919, he drove said car to Memphis and parked it in the public street of said town and that when he went to get his car at 6:30 on said afternoon it was gone; that he then drove in Mr. McKnight's car to his home and remained there two hours before returning to Memphis; that on arriving at Memphis he went to Dr. Benson's office where he remained until 11 o'clock and then went in search of his car to go home but was unable to find it and hired Mr. Benson's son to take him home in Mr. Benson's car and that he arrived home at about 11:15 or 11:30 P. M.

Defendant further testified that he drove his car on the 4th and 5th of October, 1919, and did not see a Pullman tire on it until October 8, 1919, when the car was in the Memphis garage; that his car broke down on October 5, 1919, and that he had it brought to Memphis and that his son, Carl, made the arrangements with the Memphis garage to repair it.

The evidence introduced on behalf of the defendant further tended to prove that defendant's car was in the possession of his son, Carl, from 4:30 P. M. until 11 o'clock P. M., on October 1, 1919; that one Pearl Stiver and defendant's said son brought the car to the Memphis garage on October 5, 1919, for repairs and that at that time there was no Pullman tire on it.

At the close of all the evidence in the case defendant requested the court to give a peremptory instruction for the defendant, which the court refused to give.

Defendant assigns several errors committed by the trial court, but in the view which we take of this case it will be only necessary to consider the assignment of error pertaining to the refusal of the trial court to instruct the jury to return a verdict for the defendant.

Respondent has not favored us with a brief in this case, but it is apparent from the record before us that the State's case is bottomed on the theory that the possession of the stolen casing by the defendant soon after the commission of the alleged crime raises a presumption of law that the defendant committed the alleged larceny.

But to warrant this presumption of guilt it must further appear that the casing was found in the exclusive possession of the defendant; that is to say, the evidence must show that the stolen property was in such wise in the exclusive control of the defendant as to indicate that it came to his possession by his own act or at all events with his undoubted concurrence; in short the possession must be such as to exclude the idea that some other person may have left the casing where it was found.

The rule is stated in Underhill on Criminal Evidence (2 Ed.), sec. 300, thus: "Not only must the possession be recent, but it must be personal, exclusive, and with a distinct, implied or express assertion of ownership. If these essentials are not proved, a conviction based on the fact of possession must be set aside. The possession of stolen property is personal and exclusive if it is exclusive as to all persons not *particeps criminis* as to accomplices the possession of one is the possession of all. A mere constructive possession is not enough. The accused will not be presumed to have stolen *articles which he does not know he possesses*. If other persons have equal right and facility of access with him to a room, trunk or closet where stolen goods are discovered, possession, not being exclusive or personal, is of no value as evidence."

Greenl. states the rule as follows:

"But to raise the presumption of guilt from the possession of the fruits of the instruments of crime by

the prisoner, it is necessary that they be found in his exclusive possession. A constructive possession, like constructive notice or knowledge, though sufficient to create a *civil* liability, is not sufficient to hold the party responsible to a *criminal charge.* He can only be required to account for the possession of things which he actually and knowingly possessed; as, for example, where they are found upon his person, or in his private apartment, or in a place of which he kept the key. If they are found upon premises owned or occupied as well by others as himself, or in a place to which others have equal facility and right of access, there seems no good reason why he, rather than they, should be charged upon this evidence alone.'' [3 Greenl. Evid., sec. 33.]

It will be noted that the State not only failed to prove that the defendant placed the automobile, on which the stolen tire was found, in the Memphis garage on October 5, 1919, but failed to prove that said tire was on said car at that time.

On the contrary the uncontradicted evidence discloses that the defendant's son, Carl Fogle, brought defendant's car to said garage on said date and that at that time the tire in question was not on said car.

There must have been a conscious possession of the stolen property by the defendant to constitute guilt. The State having failed to show such a possession of the stolen property there was no ground on which to warrant a presumption of guilt. [State v. Castor, 93 Mo. 249, 5 S. W. 906; State v. Warford, 106 Mo. 63, 16 S. W. 886; State v. Scott, 109 Mo. 229, 19 S. W. 89; State v. Belcher, 136 Mo. 137, 37 S. W. 800; State v. Baker, 144 Mo. 329, 46 S. W. 194; State v. Drew, 179 Mo. 320, 78 S. W. 594; State v. Wilks, 58 Mo. App. 162; 17 R. C. L., sec. 77, pp. 71, 73; People v. Hurley, 60 Cal. 74; Lehman v. State, 18 Tex. App. 174.]

We are clearly of the opinion that the verdict of the jury was not supported by the evidence and that the court should have given the peremptory instruction asked by the defendant.

It follows that the judgment should be reversed, and the defendant discharged.

PER CURIAM:—The opinion of BRUERE, C., is adopted as the opinion of the court. The judgment of the circuit court of Scotland county is accordingly reversed, and the defendant discharged. *Allen, P. J.*, and *Daues, J.*, concur. Becker, J., not sitting.