THE STATE v. ROLLA MASON, Appellant.—98 S. W. (2d) 542.

Division Two, November 17, 1936.

*H. L. Teaff* for appellant.

Roy McKittrick, Attorney General, and Wm. W. Barnes, Assistant Attorney General, for respondent.

BOHLING, C.—Rolla Mason appeals from a judgment imposing a sentence of two years' imprisonment each on charges of burglary and larceny, the same to run concurrently.

The sole issue presented on this appeal is the sufficiency of the evidence to sustain the verdict returned by the jury in that appellant contends there was an utter failure to identify the merchandise found in appellant's possession as the property of the prosecuting witness. The evidence established the following facts:

Troy Teague was engaged in the general merchandise business at Cave Springs, Greene County, Missouri, and on the night of September 10, 1934, the locks on the front door of his store were broken and three hundred pounds of sugar, five one hundred pound sacks of beans, three hundred dollars worth of tobacco, quantities of men's shirts, overalls, shoes, socks, ladies' hose, princess slips, bolt goods, and other merchandise was stolen. Appellant and one Roy Rogers are cousins. Ralph Boone is appellant's stepfather and Angeline Bennett is his grandmother. About the middle of September J. H. Griffin purchased a khaki and a blue shirt, some Country Gentleman and Foxy Grandpa tobacco, and a pair of socks from Roy Rogers at Mr. Boone's residence. The shirts had never been laundered and the manufacturer's mark had been removed. Appellant was not present. The blue shirt was a little small and he sold it to William Flanagan. Appellant had told Griffin he had a pair of No. six shoes to sell for $1 or $1.25, and Griffith told Flanagan appellant had a pair of shoes to sell which would about fit Flanagan. Flanagan saw appellant and mentioned the matter. Appellant stated the shoes were at his grandmother's but he would bring them to Boone's. About the last of September Flanagan purchased a pair of black oxfords for $1.25 from appellant at Boone's residence. Appellant got the oxfords from a rock pile; told Flanagan a rock pile was a "hell of a place" to hide slippers, but there were so many thieves around, he had to hide them, and for Flanagan to keep the purchase quiet. Appellant, at the time of his arrest, told the officers he had purchased the oxfords on the highway from a tramp; but testified he bought them from Roy Rogers and that his statement to the officers was an untruth. The burglars removed the shoes taken in the burglary from the shoe boxes. The invoice, the empty shoe box and the oxfords carried the same stock number—8105-1. The prosecuting witness identified the oxfords as shoes stolen during the

burglary. He admitted like shoes would bear the same stock number wherever found. However, no testimony was offered of any similar shoes being sold in the same community. A search warrant was procured and Mrs. Bennett's premises, where appellant was staying, was searched on or about October 24, and a pair of overalls, a number of empty Happy Vale pickle jars which had been refilled with fruit, a number of empty oatmeal boxes and an empty Mason fruit-jar-lid carton for one gross of lids were found during the search. Mr. Teague identified the overalls as property stolen during the burglary. This identification was made by their oversize, a peculiar piece in the crotch, the fine stitching and the buttons. Appellant stated the overalls belonged to him and he had purchased them at a business house in Springfield. During the trial a pair of new overalls claimed to have been secured from said business house was submitted by appellant's counsel for examination to Mr. Teague, and he testified it was not the overalls he handled. Mr. Teague also identified the empty pickle jars, oatmeal boxes and fruit-jar-lid carton as being similar to parts of an unpacked truck shipment of merchandise received at his store on the day of the burglary from the Robertson Grocery Company of Springfield. He testified the Robertson Grocery Company marked packages to be shipped by truck "by truck," and the empty fruit-jar-lid carton was marked "by truck."

The proof of ownership of the stolen property was more substantial in the instant case than in cases like State v. Matticker (Mo.), 22 S. W. (2d) 647 (1, 2), and State v. Moore, 339 Mo. 52, 59(1), 95 S. W. (2d) 1167, 1170(1), where the evidence was considered to establish only a similarity or resemblance between the property stolen and that found in the possession of the defendant, and a conviction necessitated the piling of inference upon inference. It appears Mr. Teague was able to locate only a small portion of the property he lost. While his identification of some of the merchandise recovered only established its similarity with the merchandise he had on hand at the time of the burglary; he did identify the oxfords and the overalls as his property. Appellant's handling of the oxfords clearly indicated a guilty knowledge of the source of acquisition. He admittedly falsified concerning their acquisition upon his arrest. His attempt to show that the store where he claimed to have purchased the overalls handled the same brand as Mr. Teague was refuted if the State's evidence was believed. Other testimony offered by appellant in connection with the above-mentioned and other property involved might well have been considered unworthy of belief by the jury. We need not detail it. Notwithstanding, under repeated questioning by appellant's counsel, Mr. Teague stated the oxfords and the overalls were of the same brand handled by him, a reading of the record as a whole (aside from his direct claims of ownership) clearly indicates that in his best judgment and belief he lost the mer-

chandise, he undertook to identify; during the burglary; and the case falls within the rule announced in State v. James, 194 Mo. 268, 276(I), 92 S. W. 679, 680; and State v. Babb, 76 Mo. 501, 504(IV). If the jury believed the State's evidence, the only inference it needed to indulge in to convict was that appellant was the offender; and that fact was for the jury. [State v. Conway, 241 Mo. 271, 278(4), 145 S. W. 441, 443(3); State v. Owsley, 111 Mo. 450, 453(1), 20 S. W. 194, 195(1); the James and Babb cases, supra.]

We find no error in the record proper.

The judgment is affirmed. *Cooley* and *Westhues, CC.*, concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. All the judges concur.