**610**

STATE of Missouri,
Plaintiff-Respondent,

v.

Daryle GILYARD, Defendant-Appellant.

No. KCD 29038.

Missouri Court of Appeals,
Kansas City District.

Dec. 5, 1977.

Lee M. Nation, Asst. Public Defender, Kansas City, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Before PRITCHARD, P. J., SWOFFORD, C. J., and DIXON, J.

DIXON, Judge.

Defendant appeals a conviction for burglary and stealing. The jury sentenced him to six years for burglary and four years for stealing.

The sole issue raised is the propriety of the trial court's action in permitting the jury to examine and compare two exhibits, which were keys used to accomplish the burglary.

The defendant does not challenge the sufficiency of the evidence to support the conviction, and a summary statement of facts will suffice. The owner of an apartment in an apartment complex returned from vacation to find her apartment burglarized. A security guard for the apartment complex identified the defendant as a person who had solicited the guard in obtaining a master key and master tenant list for the apartment complex. The guard furnished the key and list in return for an agreement to receive one-third of all proceeds from potential burglaries. The guard then identified a master key to the apartment complex recovered by police. The guard had pled to separate charges in return for this information. Based on information obtained from the guard, a police officer arrested the defendant, and thereafter, upon the basis of a search warrant, searched the defendant's girlfriend's apartment. On those premises, the police located the master key previously identified, the defendant's driver's license and other identification, and torn pieces of paper which ultimately proved to be a photocopy of the apartment complex tenant list. The manager of the apartment complex identified the master key recovered in the search and furnished to the State her own master key. While on the stand, she compared her master key with the one recovered from the defendant's girlfriend's apartment, saying they

were the same. The two master keys were then passed to the jury over objection. A fingerprint of the defendant was found on a metal box in the victim's apartment. The defendant testified to a permissive entry to the premises which was, on rebuttal, denied by the victim. The victim's denial was corroborated by other evidence.

The defendant claims the trial court erred in permitting the jury to examine the master key found pursuant to the search warrant and the master key furnished by the manager of the apartment complex. Defendant's argument is that only an expert could have made the necessary comparison and given opinion evidence as to the identity of the key found in the constructive possession of the defendant and the key which was admittedly a master key to the apartment complex.

The basic legal postulates upon which this appeal turn are beyond dispute. If a jury can intelligently resolve an issue on the basis of common and ordinary knowledge, then expert opinion is not proper on that issue. *State v. Burley,* 523 S.W.2d 575 (Mo.App.1975); *Superior Ice and Coal Co. v. Belger Cartage Service, Inc.,* 337 S.W.2d 897 (Mo.1960). The opinion of a witness as to identity of things is competent when resting on facts within the knowledge of the witness. *State v. James,* 194 Mo. 268, 92 S.W. 679 (1906); *State v. McGee,* 336 Mo. 1082, 83 S.W.2d 98 (1935).

In the instant appeal, both parties who testified as to the two keys being the same had some degree of familiarity with the keys. The guard who had access to the key and who also had given the key to the defendant stated he was able to identify the key both by the numbered plastic strip on the key and by the key's cut. The manager had familiarity with the key in her role as apartment manager. The testimony of both of these witnesses would appear permissible under the ambit of *James* and *McGee.* The testimonial evidence of similarity is proper.

Defendant cites no cases, either in Missouri or any other jurisdiction, holding that expert identification is necessary when comparing keys. A recent Missouri case, although not exactly in point as to the facts of the instant appeal, appears persuasive in view of its similarity to the present situation. In *State v. Eaton,* 504 S.W.2d 12 (Mo.1973), the court upheld a defendant's burglary conviction despite the fact that a policeman had been permitted to testify that the end of a pair of pliers found in the defendant's automobile fit perfectly into an indentation found on the siding of the burglarized home. There was no testimony that the officer was an expert in making such comparisons. The court held that such comparisons were not matters requiring special skills, knowledge, or expertise not within the understanding of mankind generally and, thus, the testimony of a *lay* witness was proper.

It is within the realm of common knowledge that keys, unidentified otherwise as to the accessed premises, are by lay persons compared with keys known to be keys to the accessed premises. Such comparisons involve only visual and common sense skills possessed by any member of the jury. The jury's visual comparison of the two exhibits could only corroborate or impeach the oral testimony as to identity. It seems the jury comparison agreed with the oral testimony as to identity of the keys. No error appears.

Judgment and conviction affirmed.

All concur.