THE STATE v. L. A. SIMPSON and E. T. JONES, Appellants.—
295 S. W. 739.

Division Two, June 6, 1927.

1. **INDICTMENT: Burglary: Ownership.** An indictment attempting to charge burglary which fails to allege some form of ownership, in some person other than the accused, is fatally defective.

2. ——: ——: ——: **Description of Building: Intendment.** An indictment which charges that defendant did unlawfully and feloniously and burglariously break into and enter "a building at 217 West 9th Street, in Kansas City, Jackson County, Missouri, and known as the Savoy Pharmacy, a more accurate description of which is to said grand jurors unknown," is fatally defective, because it does not charge the ownership of the building burglarized. Nothing can be left to intendment, and without a charge of ownership defendant is not informed of the nature and cause of action against him, and a conviction deprives him of his constitutional right.

'3. ——: ——: ——: ——: **Implying Ownership: Want of Knowledge.** The word "description" does not imply ownership, and therefore the grand jury, after describing the location of the building burglarized, did not make the indictment good by saying that "a more accurate description of which is to the grand jurors unknown." Nothing is to be left to intendment or implication in pleading the essential elements of a crime. Pleading want of knowledge in lieu of ownership is not sufficient. [Distinguishing State v. Clark, 223 Mo. 48.]

4. ——: ——: ——: **Form of Words.** No particular form of words in alleging ownership is necessary. Describing the premises burglarized "owned by," or as "belonging to," or as the store "of," or as "the property of," some person, is sufficient; but whatever may be the building burglarized, whether dwelling house or store or railroad car, some words which amount to an allegation of its ownership in some person other than the accused must be used in an indictment attempting to charge burglary.

---

Corpus Juris-Cyc. References: **Burglary,** 9 C. J., Section 77, p. 1043, n. 91, 93; Section 78, p. 1044, n. 97. **Criminal Law,** 17 C. J., Section 3559, p. 212, n. 18. **Indictments and Informations,** 31 C. J., Section 179, p. 659, n. 73.

Appeal from Jackson Circuit Court.—*Hon. E. E. Porterfield,* Judge.

REVERSED AND REMANDED.                          |

*Anthony P. Nugent* for appellants.

The indictment is insufficient and fatally defective. State v. Jordan, 289 S. W. 540; State v. Hurt, 285 S. W. 976; State v. Henschel, 250 Mo. 268, 157 S. W. 311; State v. Jones, 168 Mo. 398, 68 S. W. 506; State v. Kelley, 206 Mo. 655, 105 S. W. 606; 9 C. J. 1044.

*North T. Gentry,* Attorney-General, and *Smith B. Atwood,* Assistant Attorney-General, for respondent.

(1)   Where ownership of building is unknown, and that fact is alleged in the indictment, it is sufficient.  State v. Davis, 138 Mo. 107; State v. Morrissey, 22 Iowa, 158; 5 Ann. Cas. 1007; 9 C. J. 1043.
(2)   A "description" of a building includes ownership by virtue of the maxim that the greater includes the lesser; hence the allegation that the "description" is unknown is tantamount to the allegation that the "ownership" is unknown. Webster's Unabridged Dictionary; "Description."

HENWOOD, C.—The appellants were jointly indicted by a grand jury of Jackson County, Missouri, on the charge of second degree burglary.  They were tried together, found guilty and each sentenced to imprisonment in the penitentiary for two years, in accordance with the verdict of the jury.

While the motion for new trial covers a broad field of alleged errors, counsel for appellants have limited their brief to one question only—the sufficiency of the indictment.  Invoking the rule, all other questions will be treated as abandoned. [State v. Murrell, 289 S. W. 859.]

With all formal parts omitted the indictment is written as follows:
"The Grand Jurors for the State of Missouri, duly summoned from the body of said County of Jackson, being duly impaneled, sworn, and charged to inquire within and for said county, upon their oaths present and charge that L. A. Simpson and E. T. Jones, whose Christian names in full are to the said grand jurors unknown, on the 6th day of July, 1925, at the County of Jackson and State of Missouri, did then and there unlawfully and feloniously and burglariously break into and enter a certain building, to-wit: *a building located at 217 West 9th Street, in Kansas City, Jackson County, Missouri, and known as the Savoy Pharmacy, a more accurate description of which is to the said grand jurors unknown,* the same being a building in which divers goods, wares, merchandise and valuable things were then and there kept and deposited, with felonious intent the said goods, wares, merchandise and valuable things in the said building then and there being, then and there unlawfully, feloniously and burglariously to steal, take and carry away, against the peace and dignity of the State." (Italics ours).

This indictment is fatally defective because of its failure to allege some form of ownership, in some person other than appellants, of the building charged to have been burglarized.  To hold otherwise would violate the constitutional right of appellants to be informed as to the

nature and cause of the accusation against them. And in a long line of decisions of this court it has been held that an indictment or information so failing, in this essential element of the crime of burglary, will not sustain a judgment of conviction. [State v. Jordan, 289 S. W. 540; State v. Hurt, 285 S. W. 976; State v. Henschel, 250 Mo. 263; State v. Clark, 223 Mo. 48; State v. Kelley, 206 Mo. 685; State v. James, 194 Mo. 268; State v. Horned, 178 Mo. 59; State v. Jones, 168 Mo. 398; State v. Davis, 138 Mo. 107.]

This rule, as laid down in the case of State v. Jones, supra, is frequently quoted with approval in this and other jurisdictions. It reads, in part, as follows: "It has always been necessary to allege and prove the ownership of the house charged to have been burglarized, and the ownership of the chattels alleged to have been stolen. . . . As nothing is to be left to intendment, the defendant is entitled to know whether the State intends to show ownership in a firm composed of individuals or in a corporation."

In the case of State v. Clark, supra, this court held that "defendants in criminal cases are entitled to be informed by the pleadings of the charges against them, and the question of the ownership of property in burglary and larceny is an essential in the charge."

Excepting jurisdictions where this question is controlled by statute, reference must be had to the common law, and for that reason the rule above announced is almost universally followed. While there is some conflict among common-law authorities as to the requirements in pleading ownership by copartnerships and corporations, no such conflict exists as to the necessity of pleading ownership, possession or occupancy in some one other than the accused. [9 C. J. 1043; 5 Ann. Cases, 1011.]

The learned Attorney-General, in discussing the authorities above cited, inquires as to what particular language is necessary to properly allege ownership, possession or occupancy of the premises involved in a burglary charge. A very comprehensive discussion of this question, covering all conceivable situations, is found in 9 Corpus Juris, beginning at page 1043. Among other things, this authority says: "In alleging ownership no particular form of words is necessary. It is sufficient to describe the premises as 'belonging to' a person or a corporation named, or as the dwelling house, shop, office, building, etc., 'of' a certain person, or as 'the property of' a certain person. In some states it is sufficient to allege that the premises were 'occupied' by a person named."

To meet the contentions of the Attorney-General in support of the indictment in this case, it should now be noted that while it fails entirely to allege ownership, possession or occupancy of the building in question in any form whatsoever, it does use the following lan-

guage: *"a building located at 217 West 9th Street, in Kansas City, Jackson County, Missouri, and known as the Savoy Pharmacy, a more accurate description of which is to the said grand jurors unknown."*

The Attorney-General contends, first, that the use of the word *"description"* implies *ownership*, among other things; and, second, that, with this implication, the grand jury made the indictment good and sufficient by saying *"a more accurate description of which is to the said grand jurors unknown."*

We are unable to agree with the Attorney-General in either of these contentions. In the first place, the word "description," as defined by Webster and other well known authorities, does not necessarily imply "ownership," when used in reference to a building; but, even so, this contention must fail when we remember that nothing is to be left to *intendment* or *implication* in pleading the essential elements of a crime. Having reached this conclusion, it must follow that this in-dictment does not plead the want of knowledge or information as to the *ownership* of the building involved, but merely the want of sufficient knowledge or information to further identify the building in other ways. And even though it be conceded that the language quoted is sufficient to plead want of knowledge or information as to *ownership*, this form of pleading *ownership* of premises in burglary cases has never been recognized in this State. In his contention to the contrary, the Attorney-General cites the case of State v. Davis, supra. In that case the indictment charged burglary of *"a certain railroad car."* Following the well settled rule in this State, this court held the indictment to be wholly insufficient for failure to allege *ownership* of the railroad car and refused to allow the conviction to stand. Moreover, the language of the court in that case is very illuminating on the question now under discussion. Judge BURGESS, speaking for the court said:

"At common law the breaking, to constitute burglary, was confined to a dwelling house or mansion house of another, and it was necessary to charge ownership in the building in some person other than the defendant, because no one could be guilty of burglary by breaking into his own house. [Wharton, Am. Crim. Law (9 Ed.) sec. 816.] But our statute has greatly enlarged upon the common law, and under it, it is made burglary to feloniously break into almost every kind of structure used by man, including railroad cars, for the purpose of stealing any goods or valuable thing deposited therein.

"The rule of pleading, however, has not been changed, and it is as necessary to allege ownership in the one case as in the other. There exists no apparent reason why it should not be so. It is true that the statute which makes it burglary to break into a dwelling house, uses the words 'of another,' while the section of the statute making

317 Mo. Sup.—26.

it burglary to break into a 'railroad car,' does not, but this does not obviate the necessity of alleging ownership in the latter case.   For aught that appears from the indictment defendant may have been the owner of the car broken into.   There is no allegation in the indictment that he was not.''

In referring to the rule in other jurisdictions, Judge BURGESS further said:  ''We think the authorities are uniform in holding that in an indictment for burglary the name of the owner of the building must be charged, if known, and if not known, then that fact must be set out.  [State v. Morrissey, 22 Iowa, 158; State v. Fockler, 22 Kan. 542; Pells v. State, 20 Fla. 774; Jackson v. State, 55 Wis. 589.]''

It is at once apparent that this reference to the holdings in other jurisdictions, as to pleading want of knowledge in lieu of ownership, was entirely outside of the question involved in the case under consideration, the indictment being absolutely silent as to ownership. It was therefore mere *dictum* and we so hold.  And we further hold the decision in that case to be in full harmony with our numerous rulings on this question, both prior and subsequent thereto.  And in this connection, let it be said, that each of the foreign cases cited by Judge BURGESS, in the *dictum* mentioned, announces the rule always followed in this State as the common-law rule, and the only exception referred to is where this rule has been modified by statute. After a careful examination of each and all of the authorities relied on by the State, we find them in every instance to be to this same effect.

These conclusions render unnecessary, either a statement of the evidence or further review of the record proper.

In keeping with these views, we find that appellants' challenge of the indictment is well founded.  We reverse the judgment and remand the cause in order that the State may take such course as it may be advised.  If the appellant Simpson is still confined on this sentence, as stated by his counsel in their brief, filed March 5, 1927, the warden of the penitentiary will deliver him to the marshal of this court to be returned to Jackson County.  *Higbee* and *Davis, CC.,* concur.

PER CURIAM:—The foregoing opinion by HENWOOD, C., is adopted as the opinion of the court.  All of the judges concur.