STATE of Missouri, Respondent,

v.

Ellis EATON, Jr., Appellant.

No. 51369.

Supreme Court of Missouri,

Division No. 2.

Oct. 11, 1965.

Norman H. Anderson, Atty. Gen., Thomas J. Downey, Asst. Atty. Gen., for respondent.

Ellis Eaton, Jr., pro se.

PRITCHARD, Commissioner.

Appellant filed his motion to vacate judgment and sentence (five years total imprisonment for burglary, second degree, and stealing) in the trial court pursuant to the provisions of Supreme Court Rule 27.26, V.A.M.R. Thereafter, on December 29, 1964, the court took up the motion, and having examined it and the files and records in the case, overruled it.

The sole ground for the relief requested in the motion is that the "information is fatally defective and is insufficient to sustain the imposition of Judgment and Sentence thereon, in that the allegations as therein contained fail to aver the ownership of the alleged burglarized property and the stolen goods, and merely charges the burglarized property as the Stratton Produce Company, a store building used to keep goods, wares, merchandise and other valuable things, and that the stolen property had been taken from the Stratton Produce Company."

Appellant has in his pro se brief attempted to add other grounds for relief than the one directed to the validity of the information above. We do not consider such other grounds in our review of this appeal for the reason that "* * * no allegations of error shall be considered in any civil appeal except such as have been presented to or expressly decided by the trial court." Civil Rule 83.13, V.A.M.R., applicable to the appeal of criminal cases, State v. King, Mo., 380 S.W.2d 370, 373, and cases there cited.

The challenged information which was filed in the Circuit Court after the preliminary hearing in Magistrate Court is as follows:

"Robert B. Paden, Prosecuting Attorney within and for DeKalb County, in the State of Missouri, upon information and belief, and upon his official oath, informs the Circuit Court of DeKalb County, Missouri that on or about the 3rd day of August, 1964, at said County, the defendant, Ellis Eaton, Jr., did, with specific criminal intent, knowingly, maliciously, unlawfully, willfully, on purpose and deliberately and feloniously did

COUNT 1.

"Break and enter into the Stratton Produce Company building, a store building used to keep goods, wares, merchandise and other valuable things, with intent to steal goods, wares, or merchandise, all contrary to the form of the statutes in such cases made and provided against the peace and dignity of the State of Missouri.

COUNT 2.

"The said defendant, Ellis Eaton, Jr., did steal, take, carry away, conceal, transfer, and retain possession of on August 3, 1964 goods, and other merchandise, to-wit: 40 cartons cigarettes and lawful money of the United States and checks and other such negotiable

instruments having the value of more than $50.00, from the Stratton Produce Company, Amity, Missouri, all contrary to the form of the Statutes in such cases made and provided, and against the peace and dignity of the State of Missouri.

/s/ Robert B. Paden
Prosecuting Attorney of
De Kalb County."

Appellant cites State v. Jones, 168 Mo. 398, 68 S.W. 566; State v. Clark, 223 Mo. 48, 122 S.W. 665; State v. Henschel, 250 Mo. 263, 157 S.W. 311; State v. Evans (and Barri), Mo., 217 S.W. 30, and State v. Kelley, 206 Mo. 685, 105 S.W. 606, 12 Ann.Cas. 681. These older cases do hold that an indictment or information is insufficient if there is a failure to allege the ownership, or to specify the status of the owner (e. g., individual, corporation or partnership) therein, as being matters which the defendant is entitled to know. The rule in those cases, however, has been specifically overruled by this court in later cases on the point here raised. See State v. Zammar, Mo., 305 S.W.2d 441, 442 [1, 2], citing other cases on the subject the last of which is State v. Stubblefield, Mo., 248 S.W.2d 665, in which the court denied the same contention there and here made. In the Stubblefield and Zammar cases the court quoted approvingly from State v. Hedgpeth, 311 Mo. 452, 457, 278 S.W. 740, 741, " 'Proof of the appellant's guilt of the crimes charged, or either of them, did not depend upon establishing the fact of the oil company's incorporation, but upon the question as to whether the appellant feloniously broke into the premises of another, and, to establish the larceny, that he stole from such premises the property described in the charge. While the corporate existence of the oil company was alleged in the information, it was a mere matter of description to enable the owner to be more readily identified. Whether, therefore, the owner of the premises be a corporation, a partnership, or an individual is not material to the appellant's defense or in the establishment of his guilt.' " See also State v. Long, Mo., 336 S.W.2d 378, 379 [1, 2]; State v. Mallory, Mo., 336 S.W.2d 383, 385 [4-6]; State v. Stuver, Mo., 360 S.W.2d 89.

In the instant case the allegations of Count I of the information are within the provisions of Section 560.045, RSMo 1959, V.A.M.S., and fairly advise the accused of the nature of the crime therein specified: burglary in the second degree. The above cases hold that the legal status of the owner of the building need not be alleged. Count II of the information, alleging stealing, is within Section 560.156 RSMo 1959, V.A.M.S.; the description of the property is adequately set forth, as is the allegation that such stealing "from" the Stratton Produce Company was the property of another.

The trial court properly determined the matters raised in appellant's motion from the record, no issue of fact being presented which would require a hearing.

The judgment is affirmed.

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by PRITCHARD, C., is adopted as the opinion of the Court.

All of the Judges concur.