STATE of Missouri, Respondent,

v.

Sammy FORD, Appellant.

No. 51877.

Supreme Court of Missouri,
Division No. 1.

June 13, 1966.

Norman H. Anderson, Atty. Gen., Richard C. Ashby, Asst. Atty. Gen., Jefferson City, for respondent.

Sammy Ford, in pro. per.

HOLMAN, Presiding Judge.

Defendant has appealed from the order of the trial court overruling his motion to vacate filed under S.Ct. Rule 27.26, V.A.M.R.

On September 18, 1964, defendant entered a plea of guilty to a charge of burglary in the second degree and was sentenced to imprisonment in the penitentiary for a term of three years. His sole contention on this appeal is that the judgment should have been set aside because the information was fatally defective in that it failed to allege ownership of the burglarized building. In that respect the information alleged that the defendant did "break and enter into the Crossroads Cafe, a building or enclosure in which are kept goods * *."

An examination of the cases will disclose that Missouri has always followed the majority rule which requires that "an indictment or information for burglary, whether at common law or under a statute, must allege the ownership of the building or dwelling entered." Annotation, 169 A.L.R. 887. State v. Wright, 339 Mo. 41, 95 S.W. 2d 1159; State v. Peterson, Mo.Sup., 305 S.W.2d 695. However, the strict rule originally followed has been modified in two respects. It is no longer required that the legal status of the alleged owner be averred, i. e., whether a corporation, partnership, or individual. State v. Zammar, Mo.Sup., 305 S.W.2d 441 [1]. And it is usually not necessary to allege who owns the legal title to the building, but it is sufficient to allege the occupancy or possession of the premises at the time they were burglarized. State v. Peterson, supra; State v. Jeffords, Mo. Sup., 64 S.W.2d 241.

The reasons for requiring an allegation of ownership of the building are said to be: "(1) For the purpose of showing that the house alleged to have been burglarized was not the dwelling of the accused; and (2) for the purpose of so identifying the offense as to protect the accused from a second prosecution for the same offense." State v. Carey, 318 Mo. 813, 1 S.W.2d 143, 146. Courts that have adopted the minority view that an allegation of ownership is unnecessary have apparently done so on the theory that it is only necessary to identify the building. See State v. Moreno, 64 Ariz. 226, 168 P.2d 237, and People v. Lamarr, 51 Cal.App.2d 24, 124 P.2d 77.

In 12 C.J.S. Burglary § 38b.(1), p. 699, we note the following: "In alleging ownership no particular form of words is necessary. It is sufficient to describe the premises as 'belonging to' a person or a corporation named, or as the dwelling house, shop, office, building, etc., 'of' a certain person, or as 'under the control of' a designated person, or as 'the property of' a certain person. In some states it is sufficient to allege that the premises were 'occupied' by a person named, and allegations showing possession rightful as against the burglar are sufficient * * *." We have

heretofore held the following allegations of ownership or possession to be sufficient: "A certain store building located in Marviell * * * being used as a store, and operated by Mr. and Mrs. John Sappington," State v. Jeffords, supra, 64 S.W.2d 241, 242; "a certain store, shop, or building of the Odell's, Inc.," State v. Carey, supra, 1 S.W.2d 143; "the garage building of the W. L. Bond Motor Company," State v. Stubblefield, Mo.Sup., 248 S.W.2d 665, 666; "the A. & N. Hardware Store, the property of Lloyd Norris and Vivion Anderson," State v. Zammar, supra, 305 S.W.2d 441, 442; "a certain building used by Rollie Pettijohn, d/b/a Pettijohn Service Station," State v. Peterson, supra, 305 S.W.2d 695, 698; "the Stratton Produce Company building, a store building used to keep goods * * *," State v. Eaton, Mo.Sup., 394 S.W.2d 402, 403; "a certain building, to-wit, the store known as Ritter Hardware, belonging to Ritter Hardware Company, Inc.," State v. Mallory, Mo.Sup., 336 S.W.2d 383, 385; and a building, "the property of Joe Cunningham," State v. Stuver, Mo.Sup., 360 S.W.2d 89, 91.

We have, however, held informations to be fatally defective because of a failure to allege ownership where the following language was used: "a certain building, No. 806 Independence avenue," State v. James, 194 Mo. 268, 92 S.W. 679, 680; "a building located at 217 West Ninth street, in Kansas City, Jackson county, Mo., and known as the Savoy Pharmacy," State v. Simpson, 317 Mo. 398, 295 S.W. 739; and "a store building known as House's hardware and dry goods store, located at 4817 Prospect avenue, Kansas City, Missouri," State v. Schultz, Mo.Sup., 295 S.W. 535, 536. The holdings in those cases are explained and approved in State v. Carson, 323 Mo. 46, 18 S.W.2d 457 [2].

We have concluded that the information in the case under review is fatally defective because it wholly fails to contain any allegation concerning the ownership of the building involved. The allegation that defendant burglarized "the Crossroads Cafe, Cameron, Missouri," was sufficient to identify the building, but it does not constitute an allegation of ownership or possession in some individual, partnership, or corporation. The allegation here is precisely the same as that in the Schultz and Simpson cases, supra. We think the decisions in those cases are controlling.

The order appealed from is reversed and the cause is remanded with directions to vacate and set aside the judgment herein. Thereafter, the court may permit such further action in the premises as it may deem proper.

Reversed and remanded.

All concur.