STATE of Missouri, Respondent,

v.

Ronald Jack RIST, Appellant.

No. 54786.

Supreme Court of Missouri, Division No. 1.

July 13, 1970.

John C. Danforth, Atty. Gen., Charles A. Blackmar, Asst. Atty. Gen., Jefferson City, for respondent.

Lewis E. Pierce, Robert G. Duncan, Pierce, Duncan & Hill, Kansas City, for appellant.

WELBORN, Commissioner.

Appeal from 5-year sentence, imposed under Second Offender Act, upon jury verdict finding Ronald Jack Rist guilty of burglary in the second degree.

The only point urged on this appeal is the inadequacy of the information upon which appellant was convicted. The information read as follows:

"Thomas O. Pickett, Prosecuting Attorney within and for the County of Grundy and State of Missouri, upon his oath further amended information makes as follows: That one Ronald Jack Rist, on or about the 4th day of January, 1969, in the County of Grundy and State of Missouri, then and there being, did wilfully, intentionally, feloniously and on purpose, break into and enter, and aid and abet others in breaking into and entering a building housing P. N. Hirsch & Co., Donald Pitts being the Manager of said establishment, located in the Eastgate Shopping Center in Trenton, Grundy County, Missouri, said building containing goods, wares, merchandise and money, with the intent to steal said goods, wares, merchandise and money located therein, without the consent of the Manager of said P. N. Hirsch & Co., contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Missouri."

Appellant charges that the information is fatally defective because it fails to allege the ownership of the portion of the building allegedly burglarized. Appellant cites and relies upon the recent decision of this court in State v. Ford, 403 S.W.2d 611, in which an information charging that the defendant broke into "the Crossroads Cafe, a building or enclosure in which are kept goods * * *" was held insufficient. In Ford, the court set out the language of many informations which had been found sufficient as against the attack here made. We will not review all of those cases or enumerate them here. It is sufficient to say that, as Ford recognized, Missouri law does require that an

information for burglary set out the ownership of the burglarized premises. The reason for this requirement is said to be twofold:

"(1) For the purpose of showing that the house alleged to have been burglarized was not the dwelling of the accused; and (2) for the purpose of so identifying the offense as to protect the accused from a second prosecution for the same offense." State v. Carey, 318 Mo. 813, 1 S.W.2d 143, 146.

Ford also recognizes that the law of this state is satisfied by an allegation of occupancy or possession of the burglarized premises. State v. Peterson, Mo.Sup., 305 S.W.2d 695, 698; State v. Jeffords, Mo. Sup., 64 S.W.2d 241, 242; State v. Zammar, Mo.Sup., 305 S.W.2d 441, 442.

The allegation here, "a building *housing* P. N. Hirsch & Co.," is the equivalent of an allegation, "a building *occupied by* P. N. Hirsch & Co." The language is as descriptive as the allegation, "a certain store building located in Marviell * * * being used as a store and operated by Mr. and Mrs. John Sappington." This language was held sufficient in State v. Jeffords, supra.

The information involved in State v. Ford, supra, State v. Schultz, Mo.Sup., 295 S.W. 535, and State v. Simpson, 317 Mo. 398, 295 S.W. 739, relied upon by appellant, involved allegations which merely identified the building, but did not adequately allege ownership or possession in some individual, partnership or corporation. The language here attacked did adequately allege possession of the burglarized premises and those cases are, therefore, distinguishable.

The contention that the location of the Hirsch store in a shopping center affects the validity of the information is without merit. There is no record basis for the assumption that the building was occupied by more than one tenant. Appellant says that the building housed Gamble's as well as Hirsch's. No reference to any record basis for this statement appears. This unsupported argument would not affect the validity of the information. State v. Ball, Mo.Sup., 432 S.W.2d 265.

The information sufficiently advised the appellant of "the nature and cause of the accusation." Amendments VI and XIV, Constitution of the United States. Appellant cites no federal authority in support of his contention that the information was inadequate under federal constitutional standards. The information did charge a public offense, gave the defendant sufficiently reasonable notice of the specific charge to enable defendant to make his defense and to plead his conviction as a bar to a subsequent prosecution for the same offense. The requirements of due process under the Fourteenth Amendment were thereby satisfied. Barber v. Gladden, 9th Cir., 327 F.2d 101, 102–103[2]; cert. den. 377 U.S. 971, 84 S.Ct. 1654, 12 L.Ed. 2d 741.

Judgment affirmed.

HOUSER and HIGGINS, CC., concur.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

HOLMAN and BARDGETT, JJ., concur; DALTON, Special Judge, concurs; SEILER, P. J., not sitting.