STATE of Missouri, Respondent,

v.

Arnold G. FLEMING, Appellant.

No. 9692.

Missouri Court of Appeals,
Springfield District.

Jan. 16, 1975.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Clarence Thomas, Asst. Attys. Gen., Jefferson City, for respondent.

William J. Fleischaker, Public Defender, Joplin, for appellant.

Before BILLINGS, C. J., and TITUS and FLANIGAN, JJ.

TITUS, Judge.

A Jasper County jury found defendant guilty of second degree burglary and stealing. It was unable to agree upon punishment. The trial court, per Rule 27.03, assessed the maximum punishments allowable under §§ 560.095(2) and 560.110, subd. 1, coupled with the pronouncement that the stealing sentence was to run consecutively, not concurrently. § 560.110, subd. 2. Defendant appealed.[1]

The quantity of the evidence to support the conviction is conceded. Here, defendant's points relied upon concern (1) the sufficiency of the original information to charge the crime of second degree burglary because "ownership" of the burglarized building was not averred and (2) the propriety vel non of the trial court's action in permitting the state to amend the information to heal that omission after the close of all the evidence.

■ As it related to burglary, the information charged that on or about February 27, 1973, defendant broke and entered "the Joplin Paper Co., Inc., the same being a building" wherein divers goods, et cetera, were then and there kept and deposited with intent to steal. This obviously was an attempt to charge defendant with sec-

ond degree burglary under § 560.070. However, in Missouri, burglary informations must allege the ownership of the premises burglarized [State v. Yearwood, 510 S.W.2d 43, 45[3] (Mo.App.1974)], although in burglary prosecutions "ownership" is not confined to title but also encompasses occupancy and possession. State v. Harrison, 285 S.W. 83, 87[14] (Mo. 1926). The need for an ownership averment is to negate that the burglarized structure was owned, possessed or lawfully occupied by the accused and to so identify the offense as to protect the accused from a second prosecution for the same crime. State v. Rist, 456 S.W.2d 13, 15 (Mo.1970). The information was sufficient to identify the building allegedly burglarized but was defective in failing to contain any averment placing the ownership, occupancy or possession thereof in someone other than the defendant. State v. Ford, 403 S.W.2d 611, 613[2] (Mo.1966); State v. Schultz, 295 S.W. 535, 536[1] (Mo.1927).

■ While we grant defendant's point that the original information was faulty, we do not cede his auxiliary claim that the conviction was a nullity as in State v. Brooks, 507 S.W.2d 375 (Mo.1974), where the only unamended information was ruled insufficient after verdict. In this instance, the case was not submitted to and decided by the jury on the deficient information. Rather, submission was made on an information, amended over defendant's objections, which charged defendant with breaking and entering "a certain building leased by Joplin Paper Co., Inc., and located at 927 Virginia Street, Joplin, Missouri, the same being a building in which divers goods" were kept with intent to steal. The amended information, as defendant agrees, sufficiently alleged "ownership" through lease of the burglarized building. Therefore, we come to defendant's second and concluding point that the trial court erred

1. References to rules and statutes are to Missouri Supreme Court Rules of Criminal Procedure, V.A.M.R., and to RSMo 1969, V.A. M.S.

Defendant's name also appears in the transcript as "A. J." and "Arnold Jerold".

in permitting the information amendment after both sides had rested.

Rule 24.02 allows the trial court to permit an information amendment "at any time before verdict . . . if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced." The complained of amendment was made "before verdict."

■■ Whether an amendment is to be permitted or not rests in the sound discretion of the trial court, and when the allowed amendment does not change the crime charged, we cannot say the court abused its discretion by permitting the amendment even after the close of all the evidence. State v. Huffer, 424 S.W.2d 776, 780[11, 12] (Mo.App.1968). It was said in State v. Jarrett, 481 S.W.2d 504, 507 (Mo.1972) "that although an original information is fatally defective for omission of an essential averment, where it attempts to charge and is sufficient to advise the accused of the charge against him, an amendment adding language which removes all doubt about the sufficiency of the original charge may be made by leave of court and there is no prejudice to the accused . . . as long as no additional or different offense is charged." Before the amendment, the information charged defendant with second degree burglary within the provisions of § 560.070 and fairly advised him of the crime charged albeit did not properly aver "ownership" of the burglarized building. State v. Eaton, 394 S.W.2d 402, 404[3] (Mo.1965). Defendant was on notice of being charged with burglarizing the Joplin Paper Company on a certain date. The amendment did not charge an additional or different crime nor preclude defendant from asserting any defense he may have had prior thereto. Likewise, permitting the amendment did not result in prejudice to any of defendant's substantial rights or constitute prejudicial surprise. State v. Drake, 512 S.W. 2d 166, 173–174[15, 16] (Mo.App.1974).

The judgment is affirmed.

All concur.