STATE of Missouri, Plaintiff-Respondent,

v.

Rex E. PECK, Defendant-Appellant.

No. 10356.

Missouri Court of Appeals,
Springfield District.

Jan. 7, 1977.

Loren R. Honecker, Springfield, for defendant-appellant.

John C. Danforth, Atty. Gen., Robert M. Sommers, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Before BILLINGS, C. J., and HOGAN and FLANIGAN, JJ.

FLANIGAN, Judge.

Appellant Rex E. Peck, tried as a second offender, was found guilty of burglary in the second degree [§ 560.070 V.A.M.S.] and was sentenced to imprisonment for eight years.

Appellant's first point is that the information under which he was tried is insufficient to support the conviction "in that it fails to allege ownership of the allegedly burglarized premises."

The information, after pleading the prior convictions, alleged, as applicable here: ". . . that Rex Eugene Peck on or about the 5th day of June, 1974, in the County of Greene and State of Missouri, did . . . break into and enter a *building used and occupied by Grant Hardware, located at 2301 College, Springfield, Missouri*, . . . without the consent of the owner. . . ."

Rule 24.01 V.A.M.R., at the time of the proceedings below, provided, in pertinent part: ". . . [T]he information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged. . . . It need not contain . . . any other matter not necessary to such statement."

Appellant argues that the information "identifies the burglarized premises and sets out the name of the business conducted therein, but fails to allege ownership of either the business or the premises in any individual, partnership or corporation."

Under Missouri law an information for burglary must "set out the ownership of the burglarized premises," although this requirement is satisfied by an allegation of occupancy or possession. *State v. Rist*, 456 S.W.2d 13, 15[1] (Mo.1970). It is not necessary to allege the legal status of the owner or occupant, that is, whether it is a corporation, partnership or individual. *State v. Ford*, 403 S.W.2d 611, 612[1] (Mo. 1966).

There are two reasons for the requirement that the identity of the owner or occupant of the place burglarized be contained in the information: (1) to show that the building alleged to have been burglarized was not the building of defendant; and, (2) to identify the offense so as to protect the defendant from a second prosecution for the same offense. *Rist*, supra, at p. 15.

For support of his position appellant relies principally upon three cases: *State v. Schultz*, 295 S.W. 535 (Mo.1927); *State v. Simpson*, 317 Mo. 398, 295 S.W. 739 (1927); and *State v. Ford*, 403 S.W.2d 611 (Mo.

1966). In those cases, each involving the offense of burglary, the indictment or information was held to be fatally defective. In *Ford* the court said that the information "wholly fails to contain any allegation concerning the ownership of the building," and the court also said "the allegation here is precisely the same as that in" *Schultz* and *Simpson*.

A comparison of the information in the case at bar with its counterparts in *Schultz*, *Simpson* and *Ford*, discloses that it is more educative than are they. In *Schultz* the germane language of the indictment was "did . . . break . . . and enter a certain building, to wit, a store building known as House's hardware and dry goods store, located at 4817 Prospect avenue, Kansas City, Missouri . . .." In *Simpson* the language was "did . . . break . . . and enter a certain building, to wit, a building located at 217 West Ninth street, in Kansas City, Jackson county, Mo., and known as the Savoy Pharmacy . . .." In *Ford* the language was "did break and enter into the Crossroads Cafe, a building or enclosure in which are kept goods."

*Ford* contains an instructive list of burglary informations, some held to be sufficient and others insufficient with respect to the feature involved here.

In the following cases, each of which involved the offense of burglary, the indictment or information was held to be sufficient with respect to the allegation concerning ownership of the burglarized premises: *State v. Eaton*, 394 S.W.2d 402 (Mo.1965); *Stanfield v. State*, 442 S.W.2d 521 (Mo. 1969); *State v. Rist*, 456 S.W.2d 13 (Mo. 1970).

In *Eaton* the pertinent language was "did . . . [b]reak and enter into the Stratton Produce Company building . . .." The information also designated the county in which the building was located. In *Stanfield* the language was "did . . . break and enter a certain store, shop or building, located on Highway 71 South, Harrisonville, Missouri, the property of Nyman's Food Center . . .." In *Rist* the

language was "did . . . break . . and enter . . . a building housing P. N. Hirsch & Co. . . . located in the Eastgate Shopping Center in Trenton, Grundy County, Missouri . . . ."

*Eaton*, which was decided prior to *Ford*, made no mention of *Schultz* or *Simpson*. It did, however, list certain "older cases" and said, at p. 404: "These older cases do hold that an indictment or information is insufficient if there is a failure to allege the ownership, or to specify the status of the owner (e. g., individual, corporation or partnership) therein, as being matters which the defendant is entitled to know. The rule in those cases, however, has been specifically overruled by this court in later cases on the point here raised."

The language "the Stratton Produce Company building . . ." is no more informative than the language "a building used[1] and occupied[2] by Grant Hardware, located at 2301 College, Springfield, Missouri."

*Stanfield* distinguished *Ford* by saying that the information in *Ford* "contained identity of the burglarized building but *omitted entirely any allegation of ownership*." (Emphasis added)

*Stanfield* involved an information which gave the address of the building, as does the instant information, and then referred to it as "the property of Nyman's Food Center." The opinion does not disclose the legal status of "Nyman's Food Center," that is, "whether corporation, partnership or individual," and it pointed out that legal status need not be pleaded in the information, citing *State v. Zammar*, 305 S.W.2d 441, 442[1] (Mo.1957).

Surely the language "a building used and occupied by Grant Hardware" is as informative as the language "the property of Nyman's Food Center." It could not reasonably be maintained that an information us-

ing the term "Grant's Hardware" would be sufficient, on the authority of *Stanfield*, but that an information using the term "Grant Hardware" would fall short of sufficiency.

The supreme court pointed out in *Rist*, at p. 15, that *Schultz, Simpson* and *Ford* "involved allegations which merely identified the building, but did not adequately allege ownership or possession in some individual, partnership or corporation." That comment is of course a valid one. To say that a building is "known as House's hardware and drygoods store" is not equivalent to saying "a building occupied by House's hardware and drygoods store." To say that a building is "known as the Savoy Pharmacy" is not equivalent to saying "a building occupied by the Savoy Pharmacy." To say that "defendant did break and enter a building located at 1600 Pennsylvania Avenue and known as the White House," is not equivalent to saying "a building, located at 1600 Pennsylvania Avenue, used and possessed by White."

*Rist* also pointed out that the allegation there, "a building *housing* P. N. Hirsch & Co.," is equivalent to the allegation "a building *occupied* by P. N. Hirsch & Co." In the case at bar the information alleged both use and occupancy of the building by Grant Hardware. As *Eaton* and *Ford*, both supra, held, it was not necessary for the information to state whether "Grant Hardware" was a corporation, partnership or individual.

■ The language of the information under review was sufficient to show that the building alleged to have been burglarized was not the building of the appellant. Further, the language was sufficient to identify the offense so as to protect the appellant from a second prosecution for the same offense.

Appellant's first point has no merit.

1. In *State v. Peterson*, 305 S.W.2d 695, 698 (Mo.1957) it was held that a burglary information charging that a certain building was "used by" a certain person was "a good and sufficient charge of ownership of the building or premises."

2. "[I]t is usually not necessary to allege who owns the legal title to the building, but it is sufficient to allege the occupancy or possession of the premises at the time they were burglarized." *State v. Ford*, 403 S.W.2d 611, 612 (Mo. 1966).

Appellant's second point is that the evidence is insufficient to support the conviction "in that the testimony presented by the state was inconsistent, contradictory and inherently unworthy of belief." This point is so lacking in merit that it borders on being frivolous.

The state's evidence showed that the burglarized building was closed and locked at 6 p. m. on June 4, 1974. At 2:30 a. m. on June 5 six witnesses were summoned to the scene by a burglar alarm. Five of them were police officers. The defendant and an accomplice were found hiding on the roof of the building. Entry had been effected by making a hole in the roof. Articles taken from the store, together with a ladder and burglary tools, were found on the roof near where the two men were hiding. All six witnesses, each of whom had ample opportunity to observe appellant at the scene, positively identified him as being one of the two men on the roof. Approximately 30 minutes after the two men had been taken into custody at the scene, and while they and the witnesses were still there, appellant escaped.

Appellant does not assert that the evidence of the state is deficient with respect to the proof of the elements of the offense charged. The inconsistencies and contradictions of which appellant complains refer to differences in the testimony of the state's witnesses with regard to appellant's height, the length of time he was in custody prior to the escape, and whether or not there had been any discussion among the state's witnesses with regard to their testimony prior to the giving of it.

" 'Merely because testimony is conflicting its probative force is not destroyed. The jury may believe the testimony of the one witness or of the other. It is the province of the jury to resolve such conflicts. . . The jury resolved the conflict of testimony *against the accused.* In so doing, we find its verdict was supported by sufficient evidence.' . . . It was the duty of the jury to take into consideration all of the evidence and '[w]here the evidence of the state conflicted on minor points, they could select from that conflict such parts as seemed to them most reasonable.' " (Citations omitted) *State v. Cox,* 478 S.W.2d 339, 341[3, 4] (Mo.1972).

There is no error in the matters of record reviewed pursuant to Rule 28.02 V.A.M.R.

The judgment is affirmed.

All concur.