**STATE of Missouri,**
**Plaintiff-Respondent,**

v.

**Raymond CHAMPION,**
**Defendant-Appellant.**

**No. 38415.**

Missouri Court of Appeals,
St. Louis District,
Division 3.

Jan. 10, 1978.

---

Robert C. Babione, Public Defender, Joseph Webb, Asst. Public Defender, St. Louis, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for plaintiff and respondent.

ROBERT G. J. HOESTER, Special Judge.

This is an appeal from a judgment entered on August 13, 1976. Defendant Raymond Champion was convicted of second degree burglary. The appropriate statutes are 560.045 and 560.095 RSMo. 1969, and appellant was sentenced to ten years in the Missouri Department of Corrections.

Appellant relies on three errors. Two errors relate to the admission into evidence of State's Exhibit 15, a screwdriver, and State's Exhibit 16, a comb. The third error will be discussed later.

The appellant argues that the admission into evidence of the screwdriver and the comb, which were not in his possession at any time, and were not shown to have been used by him in the commission of the burglary was error.

The black comb and screwdriver were found in the residence of the victim in one of the bedrooms. The owner-victim testified that the comb and screwdriver found by the police did not belong to him.

The appellant was seen by one of the police officers exiting from the house of the victim with a TV in his hands. Appellant

placed the TV in a car parked at the curb, got in the car where he was arrested. The officer found one AM/FM radio in the car. The owner of the house identified the TV and the AM/FM as his property and further testified that he had not given appellant permission to be in the house. The resident-victim also testified that the door and doorjamb had marks on them that were not there earlier in the afternoon when he left the house.

The screwdriver was properly admitted into evidence. *State v. Marler*, 453 S.W.2d 953 (Mo.1970), l. c. 956, "Admission in evidence of State's Exhibits 10, 12 and 13 is assigned as error on the ground that they were not shown to have been in appellant's possession at any time or to have been used in the commission of the burglary. Exhibit 10 was a lug wrench; 12 was a large screw driver (sic) and 13 was a crowbar. The crowbar and wrench were found inside the store, lying on a cardboard box near the store safe. The store manager had never before seen them. The screw driver (sic) was found just outside the back doors on the pavement. The front door of the store had been 'jimmied' and the door jamb (sic) sprung by insertion of some sort of tool. The rear doors had been forced by the use of some sort of tool." The Missouri Supreme Court held that these items were properly admitted into evidence.

■ "Where the evidence shows that accused was in the vicinity of the scene of a burglary . . . about the time of its commission, evidence that he was in possession of or had access to burglarious tools with which the crime was or might have been committed is competent, if under the particular facts of the case the tools . . . are sufficiently connected with accused and the crime to become relevant and have some probative value and if they bear on the question of intent." *State v. Miller*, 368 S.W.2d 353, 360[4] (Mo.1963). Although these exhibits were not shown to have been the property of appellant and it was not shown by direct eyewitness testimony that

they were actually in his possession, the jury reasonably could infer under the circumstances that these exhibits had been in the possession of appellant and his companions when they entered the store, and that they had been used in the commission of the burglary. A case in point is *State v. Lindner*, 282 S.W.2d 547, 551[6] (Mo.1955), in which crowbars foreign to the establishment, found in the burglarized premises under analogous circumstances, were held properly admitted in evidence.

■ We conclude that the screwdriver was properly admitted into evidence because the defendant was seen exiting from the residence of the victim at the time of the commission of the burglary with some of the victim's possessions in his hands and these facts are sufficient to connect the accused to the screwdriver. The admission of the comb, although probably irrelevant, if error, would be harmless error and we would not reverse.

■ The third error assigned is the giving of MAI–CR 7.22 as modified by instruction MAI–CR 2.12. The instruction reads:

If you find and believe from the evidence beyond a reasonable doubt:

First, that on or about March 31, 1976 in the City of St. Louis, State of Missouri, the defendant or Sylvester Jones broke into the dwelling place of John Richardson located at 5464 Garland and entered therein, and

Second, that he did so with the intent to steal property therein, and

Third, that the defendant acted either alone or knowingly and with common purpose together with Sylvester Jones in the conduct referred to in the above paragraphs, then you will find the defendant guilty of burglary in the second degree.

However, if you do not find and believe from the evidence beyond a reasonable doubt each and all of the foregoing, you must find the defendant not guilty of that offense.

Appellant argues the first paragraph of the instruction would permit the jury to find that the breaking and entering need not have been done by the defendant because of the word "or" between the defendant and Sylvester Jones. Appellant's argument continues that the jury could have found and believed from the evidence that Sylvester Jones broke and entered, without considering the defendant's participation in this element.

The third paragraph of the instruction allows the jury to find the defendant guilty if he acted either alone or together with Sylvester Jones. Appellant then argues that the defendant could be found guilty if Sylvester Jones was *the only person* who broke and entered. (Emphasis supplied).

The evidence clearly establishes appellant's participation and the co-defendant was arrested inside the house.

In *State v. Timley*, 541 S.W.2d 6 (Mo.App. 1976), the court discusses the use of MAI–CR 2.10, 2.12 or 2.14. The court states the failure to use MAI–CR 2.10 and 2.12 will not be deemed error even if there is substantial evidence that the appellant was a joint active participant or actor so long as there is no evidence that he was only an aider or encourager. The Notes on Use of the Missouri Approved Criminal Instructions says that MAI–CR 2.12 should be used if defendant was an active participant. Here the lawyers for the State, to their credit, conscientiously tried to comply with the suggestions as to use of MAI–CR instructions.

When we read instruction MAI–CR 2.12, the language says to use the disjunctive "or." MAI–CR Page 2–18, ". . . use the word or phrase applicable to describe the person or persons who engaged in that conduct e. g. 'defendant' *or* the name *or* names of the other *or* others *or* a certain person *or* certain persons *or* 'defendant *or* another' *or* defendant *or* others." Clearly the Notes on Use use the disjunctive which was used in the instructions given. There is no error in the instruction given.

The judgment will be affirmed.

GUNN, P. J., KELLY and WEIER, JJ., and HERBERT LASKY, Special Judge, concur.