**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Edward Vincent LAWRENCE,
Defendant-Appellant.**

**No. 39085.**

Missouri Court of Appeals,
St. Louis District,
Division One.

March 21, 1978.

Motion for Rehearing and/or Transfer
Denied May 9, 1978.

Steiner & Fenlon, Joseph A. Fenlon, Clayton, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Stanley Robinson, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

McMILLIAN, Judge.

Appellant appeals from a conviction finding him guilty of burglary in the second

degree, § 560.045 RSMo 1969, and a sentence of ten (10) years imprisonment. For reasons herein stated, we affirm.

A hearing was held in chambers as to the competency of eleven-year old Barbara Hassell, the state's major witness, who was home alone at the time of the burglary. After the hearing, the court found Barbara competent to testify.

On June 13, 1977, at 9:22 p. m., Barbara testified that she heard a pounding on the front door of her apartment. When she looked out the window, she saw three men on the porch. Immediately she called the telephone operator and told her that someone was trying to break in and told her her name and address. Barbara then heard pounding on the back door. When she heard the back door open, she hid behind the rocking chair in the living room. While behind the chair, she peeked around a corner and saw a man in the kitchen whom she later identified as the appellant. The man entered the kitchen and took a step into the dining room. At that time he was attacked by Barbara's dog. Appellant finally ran out the back door and shortly thereafter the police arrived.

The next day Barbara saw two men at the office of the Audubon Park Apartments, one of whom was the appellant. That evening she went to the Clayton County Jail and identified the appellant in a lineup.

Barbara testified that on the evening of the crime, the lights were on in the kitchen and living room. From her hiding place behind a rocking chair and the wall, she was unable to see the man in the kitchen. But, when he entered the dining room as the dog tried to bite him she saw him from her stooped position behind the chair.

Barbara testified that to her knowledge the man did not have permission to come into the apartment. She further testified that the dog drove the man into the dining room. While being attacked, the man held his hands between his face and Barbara, but Barbara testified that she could see his face.

John Zinn, a member of the Brentwood police department, testified that he was called to the Audubon Apartment Complex on June 14, 1977, where appellant and another man were being held as burglary suspects. That evening Barbara picked appellant out of the lineup. On cross-examination, Barbara told the officer that there had been a TV set between the rocking chair and the dining room.

The defense provided two alibi witnesses who stated that appellant was with them in his apartment at Audubon Park at the time of the crime.

Appellant makes four points on this appeal. Appellant contends the court erred (1) in denying his motion for acquittal because of an insufficient information and a variance therefrom in that there was a failure of proof as to essential matters alleged in the information regarding ownership of property; (2) in failing to direct a verdict of acquittal because the contradictory statements given by Barbara Hassell showed that she was neither competent nor credible; (3) in failing to direct a verdict of acquittal because the state failed to show that the entry was made with felonious intent; and (4) in failing to give required criminal instruction 2.03 as the first instruction to the jury at the close of all the evidence, as required by criminal rule 20.-02(a) and 20.02(f).

First, the appellant contends that the information charged him with breaking into the dwelling house of Barbara Hassell, with the intent to steal goods owned by the eleven-year old girl. He claims that there was no proof that Barbara Hassell owned such goods. This point is without merit.

The elements of burglary, in the second degree, are: breaking into a dwelling house with intent to commit a felony or to steal, § 560.045, RSMo 1969. The ownership of goods within a building alleged to have been burglarized is not an element of burglary in the second degree. *State v. Stuver*, 360 S.W.2d 89, 91 (Mo.1962). The law of Missouri only requires that an information for burglary ". . . 'set out the ownership of the burglarized premises'

. . ." and this requirement is satisfied by an allegation of occupancy or possession. *State v. Peck,* 545 S.W.2d 725, 727 (Mo.App. 1977); *State v. Rist,* 456 S.W.2d 13, 15 (Mo.1970). The need for an averment of ownership is two-fold: (1) To show that the house alleged to have been burglarized was not the dwelling of the accused; and (2) to identify the offense to protect the accused from a second prosecution for the same offense. *State v. Rist,* 456 S.W.2d at 15; *State v. Carey,* 318 Mo. 813, 1 S.W.2d 143, 146 (1927). Here the amended information contained an averment of occupancy, satisfying the law in Missouri and fulfilling the two-fold purpose of such law.

■■■ Appellant's second point is that the court erred in failing to direct a verdict of acquittal because the contradictory evidence showed that the witness was neither competent nor credible. We disagree. The test of competency of a child involves four elements, all of which should be present: (1) Present understanding of or intelligence to understand, on instruction, an obligation to speak the truth; (2) mental capacity at the time of occurrence to observe and register such occurrence; (3) memory sufficient to retain an independent recollection of the observation made; and (4) capacity to translate into words the memory of such observation. *State v. Jones,* 360 Mo. 723, 230 S.W.2d 678, 681 (1950); *Hildreth v. Key,* 341 S.W.2d 601, 609 (Mo.App.1960). The court, upon investigation, of the child's competency, found that she satisfied all of these requirements and was, therefore, competent to testify. The competency of the child is to be determined by the judge and will only be set aside if there is an abuse of discretion. *State v. Jones,* supra.

Appellant argues that as a matter of law, the witness did not have sufficient memory to retain independent recollection of observations and that her contradictions destroyed her credibility. This argument fails.

"In order for contradictions and inconsistencies in a party's testimony to preclude his recovery as a matter of law they must be diametrically opposed to one another with respect to some vital question in the case, *Forsythe v. Railway Express Agency,* Mo.App., 125 S.W.2d 539 541 (1939); so contradictory and without explanation as to preclude reliance thereon *Walsh v. Terminal R. Ass'n of St. Louis,* 353 Mo. 458, 182 S.W.2d 607 (1944); so self-contradictory that they rob the testimony of all probative force, *Schonlau v. Terminal R. Ass'n of St. Louis,* 357 Mo. 1108, 212 S.W.2d 420, 423 (1948); and so glaring as to *conclusively* show that the party testified untruthfully one way or the other, *O'Bauer v. Katz Drug Co.,* Mo.App., 49 S.W.2d 1065, 1073 (1932). Otherwise the inconsistencies in plaintiff's testimony are for the jury to resolve." *Atley v. Williams,* 472 S.W.2d 867, 869 (Mo.App.1971).

Here Barbara's testimony was not so inconsistent as to lack probative force. Never did she vacillate from the identification of appellant. From her testimony the jury could reasonably infer that the appellant was the man who had been in the apartment. The conflicts and inconsistencies in the testimony are questions for the jury to decide. *State v. Berry,* 526 S.W.2d 92, 94 (Mo.App.1975); *State v. Small,* 423 S.W.2d 750, 751 (Mo.1968); *State v. Turnbough,* 497 S.W.2d 856, 858 (Mo.App.1973).

Appellant's third point is that the court erred in failing to direct a verdict of acquittal because the state failed to show that the entry was made with felonious intent since nothing was stolen, nor entry forced, nor testimony that appellant's presence was without consent. We find no merit in this contention.

■■■ Intent may be shown by circumstantial evidence and in the typical burglary prosecution is so shown. *State v. Massey,* 542 S.W.2d 88, 90 (Mo.App.1976); *State v. Faber,* 499 S.W.2d 790, 794 (Mo.1973). No lawful motive was shown to explain the appellant's presence in the apartment. There was sufficient evidence from which the jury could believe that the appellant had an intent to steal. The state has sufficiently proven the intent to steal in a burglary prosecution if the state has introduced evidence showing that the accused

has broken and entered a building in which goods, merchandise, or other valuable things are kept. *State v. Pauley,* 515 S.W.2d 824, 825 (Mo.App.1974).

Appellant argues that the lawful occupiers of the premises were Barbara's parents who were never named in the information. Barbara, however, was questioned regarding whether appellant had permission to enter the apartment. This testimony, it is argued, is not sufficient to show entry without consent. This contention has no validity. As discussed above, ownership, for the purposes of burglary, means occupancy, *State v. Peck,* 545 S.W.2d 725, 727 (Mo.App. 1977); *State v. Rist,* 456 S.W.2d 13, 15 (Mo.1970). Barbara was present in the apartment and her testimony that she gave no permission to enter the apartment is sufficient to show that appellant was on the premises without consent.

■ Appellant's final contention is that the court erred by failing to give required criminal instruction 2.03 as the first instruction to the jury at the close of the evidence, as required by criminal rule 20.02(a) and 20.02(f). Although we agree that the court so erred, we find the error to be non-prejudicial.

The "Notes on Use" for MAI–CR 2.03 provides the following:

"This instruction, to be given in every case, shall be read to the jury as the first of the instructions given at the close of the case and immediately prior to argument of counsel. Rule 20.02(a)."

Criminal Rule 20.02(e) states: "Giving or failing to give an instruction or verdict form in violation of this rule or any applicable Notes on Use shall constitute error, its prejudicial effect to be judicially determined." The result of this rule is that not every deviation will have a fatal result. In *State v. Billingsley,* 534 S.W.2d 484 (Mo. App.1975), the court faced an identical problem. Instruction 2.03 was given out of order in the case with a single, narrow, sharply defined issue. The court held that the change of order in the jury instruction created no likelihood of confusion or misleading of the jury. The facts at hand also involve a narrow issue: whether the appellant was the man who broke into the apartment. The facts at hand are relatively simple. The change in order created little chance that the jury would be misled and we, therefore, find that the error was not prejudicial.

We find that none of the appellant's arguments have merit. There was sufficient evidence to support the jury's verdict.

Accordingly, judgment is affirmed.

CLEMENS, P. J., and SMITH, J., concur.