STATE of Missouri, Respondent,

v.

Lamont FULTZ, Appellant.

No. 41064.

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 2, 1980.

Gail N. Gaus, St. Louis, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

CRIST, Judge.

Second-degree burglary. Section 560.070 RSMo. 1969.

Defendant was convicted by a jury of second-degree burglary. Punishment was assessed at six years in the Department of Corrections. We affirm.

Defendant argues the state failed to prove he entered the premises with the intent to commit a felony. We disagree.

On January 18, 1978, at 12:02 a. m., an alarm sounded at ADT Securities Systems. An ultrasonic alarm had been tripped at a grocery store—the Northway Market. The police were immediately notified. Within minutes, four officers were at the Northway Market. One of the officers observed a broken window. The officers surrounded the building and waited for the manager of the Northway market to arrive.

After the manager arrived and unlocked the store, Officer Howard observed a large hole in the ceiling below which a stethoscope, vise-grips, and screwdriver were lying. The manager of the store testified that the hole in the ceiling and the stethoscope, vise-grips, and screwdriver were not there when he locked up the store earlier that evening. After a search of the premises, defendant was found concealed under some bags in a storeroom of the market.

At trial, defendant testified that he entered the building through a broken window to get out of the cold. He attempted to conceal himself under a pile of bags when he heard the police officers. He denied any knowledge of the tools found at the scene.

Intent may be shown by circumstantial evidence; often it is so shown in burglary prosecutions. *State v. Lawrence,* 566 S.W.2d 243, 246 (Mo.App.1978). In the

case at bar, defendant was concealing himself from the police inside the burglarized store. There was testimony that he was found wearing gloves. Defendant admitted at trial that he had fallen through the hole in the ceiling below which the screwdriver, vise-grips, and stethoscope were found. We find sufficient evidence for the jury to conclude that the defendant was guilty of breaking and entering the store containing merchandise, goods, and other valuables with the intent to steal. *State v. Lawrence, supra.*

█ Defendant asserts that the admission of the stethoscope into evidence was prejudicial error. He contends the stethoscope was irrelevant and was admitted without proper foundation.

In *State v. Champion,* 560 S.W.2d 903, 905 (Mo.App.1978), also a burglary prosecution, the court held a screwdriver admissible under similar circumstances. In *Champion,* the defendant was arrested just outside the victim's residence and the screwdriver was found inside. The victim denied ownership of the screwdriver. Here, the defendant and the stethoscope were both found at the scene of the burglary. The stethoscope, along with the other tools, was not in the store earlier that evening when the manager closed the store. All the tools were found near the hole in the ceiling through which the defendant fell. A safe inside the store was visible from the front of the store. Defendant admitted prior knowledge of the safe and its location. A police officer testified that a stethoscope is a tool that can be used in "safecracking". We hold that there was evidence to connect the stethoscope with the defendant and the crime. *State v. Champion, supra.* The admission of the stethoscope into evidence was not prejudicial error.

Judgment affirmed.

DOWD, P. J., and REINHARD, J., concur.