**STATE of Missouri, Respondent,**

v.

**Landis CAREY, Appellant.**

**No. 41315.**

Missouri Court of Appeals,
Eastern District,
Division Three.

April 29, 1980.

Robert C. Babione, Public Defender, John Putzel, Asst. Public Defender, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Robert Otto, Kathleen Mills, Asst. Attys. Gen., Jefferson City, George Peach, Circuit Atty., St. Louis, for respondent.

REINHARD, Judge.

Defendant Landis Carey was found guilty by a jury of the offense of robbery in the first degree. The court entered judgment in accordance with the jury's verdict and sentenced defendant to five years imprisonment.

Alice Strunk was robbed at about 2:40 a. m. on July 10, 1978. She was walking to work at 39th and Flora when two men got out of a car and approached her. She became alarmed and started screaming. One man held a can of mace to her face and threatened her with it. She later identified defendant as this man. The other took her

purse, tossed it to the first man, and both ran back to the car and were driven away. Mrs. Strunk was able to report to the police the car's license plate number, and a description of the car and the men who robbed her.

At about 6:45 a. m., just four hours later, a police officer spotted the car at a gas station. He arrested the five persons standing around it, one of whom was the defendant. Mrs. Strunk identified defendant in a police lineup that same morning.

Mrs. Strunk's purse had contained twenty-eight dollars: two tens, one five, three ones, and some change, as well as a silver dollar and two good luck pieces. One of those arrested had in his possession the silver dollar and two good luck pieces which were identified by victim. When arrested, defendant had in his possession a ten-dollar bill, four one-dollar bills, and a half of a torn dollar bill. The state introduced this money into evidence over the objection of the defendant.

On appeal, defendant contends that the court erred in admitting into evidence the money found on him (Exhibit 9) and a photograph of said money (Exhibit 4) because the state failed to produce evidence that associated the currency found on defendant with the money stolen at the robbery. Defendant claims that such admission created an unfair inference that the money was taken at the robbery.

We need not reach the merits of this point because during trial, before the state introduced the evidence in question, the arresting police officer, Milton Thomas, quite explicitly described the money found in defendant's possession. Later, in front of the jury, he removed the money from the evidence bag and counted the bills: "one ten, four ones, and a half of a dollar bill." No objection was made to any of this testimony. Subsequently, when the state offered the exhibits in evidence, defendant objected to their admission.

■ "The admission of evidence over objection that is merely cumulative of or restates earlier evidence admitted without objection, and where no motion to strike the body of objectionable evidence is made, is not error." *State v. Barber*, 587 S.W.2d 325, 329 (Mo.App.1979). Here, the admission of the Exhibits 4 and 9 was cumulative to the previously elicited unchallenged testimony of Thomas. The defendant made no motion to strike the earlier testimony. We find no error in the admission of these exhibits and rule the point against defendant.

■ As his second point on appeal, defendant argues that the trial court erred in giving Instructions Nos. 7 and 8 because they permitted the jury to find defendant guilty if "anyone," rather than "someone acting with appellant," took Mrs. Strunk's purse. Instruction No. 7 (MAI–CR 7.60 as modified by 2.12) and Instruction No. 8 (the converse to Instruction No. 7) required the jury to find the defendant guilty if it believed, in part, that the "defendant or another" took Mrs. Strunk's purse and that the "defendant acted either alone or knowingly and with common purpose together with another" to engage in the robbery.

After the reading of the instructions, defense counsel objected, requesting that the phrase "defendant or another" be changed to "defendant acting with another." The trial court overruled the objection. Defendant now argues the instructions as given allowed the jury to find defendant guilty if *anyone* took Mrs. Strunk's purse. The fourth paragraph of each contested instruction mandates that the jury may not find defendant guilty unless it finds beyond a reasonable doubt that defendant "acted either alone or knowingly and with common purpose together with another . . . ." When read as a whole, we do not find the instructions to be confusing as alleged by defendant.

A reading of MAI–CR 2.12 and the Notes on Use reveals that the phrase "defendant or another" was an optional phrase that could be used in giving the instructions. *See State v. Champion*, 560 S.W.2d 903, 906 (Mo.App.1978). The trial judge gave approved pattern criminal instructions and therefore we are powerless to declare it

erroneous. *State v. Washington*, 570 S.W.2d 838, 843 (Mo.App.1978).

Judgment affirmed.

DOWD, P. J., and CRIST, J., concur.